## 47317. DAVIS METALS, INC. v. ALLEN.

BELL, Chief Judge. The sole question here is whether the trial court had in personam jurisdiction over the defendant under the Georgia Long Arm Statute. *Code Ann.* § 24-113.1(a). The plaintiff's complaint alleged that defendant, now a resident of Alabama, entered into a written employment contract with plaintiff in Atlanta, copy attached to the complaint, which provided that the defendant would not, upon termination of his employment, compete with plaintiff for a period of three years afterwards within specified States, one of which was Alabama, and that after termination of his employment defendant breached the contract by competing against plaintiff in the State of Alabama. It was further alleged

that at the time of execution defendant was a resident of DeKalb County, and that after execution of the contract defendant's first work was performed in the Atlanta office of plaintiff. The defendant's motion to dismiss for lack of personal jurisdiction over the defendant and improper venue in the trial court was granted. *Held:*

The Long Arm Statute provides in pertinent part: "A court of this State may exercise personal jurisdiction over any non-resident . . . as to a *cause of action arising* from any of the acts, omissions, ownership, use or possession enumerated in this section, in the same manner as if he were a resident of the State, if in person or through an agent, he: (a) transacts any business within this State . . ." Ga. L. 1970, pp. 443, 444. (*Code Ann.* § 24-113.1). The plaintiff argues that the execution of the contract in Georgia coupled with the allegation that for a period after the execution he performed some duties pursuant to the terms of the contract in Atlanta constitutes transaction of business within the State so as to give jurisdiction over his person. Defendant's liability here, if any, did not arise from any business transacted in Georgia, but instead from the defendant's competing outside Georgia in the State of Alabama. Consequently, under the clear and express terms of the statute, jurisdiction over defendant's person cannot be acquired under this provision of law. See Smith v. Piper Aircraft Corp., 425 F2d 823, where the U. S. Court of Appeals for the Fifth Circuit reached a similar result.

*Judgment affirmed. Hall, P. J., Eberhardt, P. J., Pannell, Deen, Quillian, Clark and Stolz, JJ., concur. Evans, J., dissents.*

ARGUED JULY 5, 1972—DECIDED OCTOBER 31, 1972—REHEARING DENIED NOVEMBER 22, 1972—

*William F. Lozier,* for appellant.

*Long, Weinberg, Ansley & Wheeler, George W. Williams, Jr.,* for appellee.

EVANS, Judge, dissenting. The exact question for decision has not 'been decided in Georgia, and this is, therefore, a case of first impression. The question is as to whether the Long Arm Statute may be employed to subject to the jurisdiction of our courts a defendant who executed a contract in Georgia, performed part of the services contracted for in Georgia, and thereafter moved to Alabama, and while in Alabama, breached the contract.

The briefs of counsel for each party cite no Georgia authorities in point. Each cites foreign authorities, although none is directly in point. As to foreign cases, even when in point, this court is not bound by them except as to decisions by the United States Supreme Court. See *Thornton v. Lane*, 11 Ga. 459 (4); *Ga. R. v. Cubbedge, Hazelhurst & Co.*, 75 Ga. 321; *Thompson v. Eastern Airlines*, 200 Ga. 216, 222 (39 SE2d 225); *Morris Plan Bank of Ga. v. Simmons*, 201 Ga. 157, 164 (39 SE2d 166); *Central of Ga. R. Co. v. Brotherhood of R. Trainmen*, 211 Ga. 263 (1) (85 SE2d 413).

Therefore, the statute must now be interpreted by this court, giving the words therein their usual signification. The pertinent part of the Long Arm Statute (*Code Ann.* § 24-113.1) provides in Section 1 that courts of this State may exercise personal jurisdiction over any nonresident as to a cause of action arising out of acts, omissions, etc. in the same manner as if he were a resident of the State, if in person, or through an agent, he: "a. Transacts any business within this State." The word "any" is all-inclusive; it means one or more, or even less than one. It may be fraction of one.

In this case the contract was executed in Georgia, the defendant began work thereunder in Georgia, he was trained thereunder in Georgia; and he resided in Georgia at the time of the execution of the contract. He moved to Alabama and thus became a nonresident within the terms of the statute. To me this appears to substantially meet the requirements of the statute, which is that he "transact *any* business within this State." I believe the Long Arm Statute was properly employed.

The lower court held that the Long Arm Statute was not available for service in this case and dismissed the complaint for lack of proper service. I would reverse the lower court.