## 27727. DAVIS METALS, INC. v. ALLEN.

GUNTER, Justice. This case is here because this court granted an application for a writ of certiorari to the Court of Appeals of Georgia. The sole issue for decision in the case is the construction or interpretation of

Georgia's Long Arm Statute, Code Ann. § 24-113.1 (a).

The appellant brought this action in the Georgia forum for breach of contract against the nonresident appellee. In personam jurisdiction over the nonresident of the State of Georgia in the Georgia court was predicated solely on Georgia's Long Arm Statute. The complaint alleged that at the time of filing the action the appellee was a resident of Alabama; that on January 6, 1969, appellant and appellee entered into an employer-employee noncompetition contract; that on January 6, 1969, both parties were residents of the State of Georgia; that the contract was executed by both parties in Georgia, and the contract itself provided that it was to be construed and interpreted under the laws of the State of Georgia; that appellee's first work for the appellant after the execution of the contract was in the appellant's Georgia office; and that the appellee quit his employment, moved to the State of Alabama, and entered business in Alabama in competition with the appellant, thereby breaching the contract.

The trial court dismissed the appellant's complaint for lack of personal jurisdiction over the appellee, and on appeal the Court of Appeals of Georgia affirmed the trial court's judgment. See *Davis Metals, Inc. v. Allen,* 127 Ga. App. 611 (194 SE2d 516) (1972).

We consider the judgment of the Court of Appeals to be erroneous, and it must be reversed.

We perceive the defect in the decision of the Court of Appeals to be contained in one sentence: "Defendant's liability here, if any, did not arise from any business transaction in Georgia, but instead from the defendant's competing outside Georgia in the State of Alabama."

The competition by the appellee in Alabama in and of itself would not give rise to a cause of action in favor of the appellant. If there was no contract in existence between the parties, then the appellee would be completely free to compete with the appellant in

Alabama and anywhere else. The act that gives birth to a cause of action because of the competition carried on in Alabama is the contract entered into by the parties in the State of Georgia. The Georgia contract gives the appellant a cause of action if a breach occurs, and it is immaterial if the breach occurs within or without the State of Georgia.

Our Long Arm Statute provides that a court of this state may exercise personal jurisdiction over a nonresident, as to a cause of action arising from any act of the nonresident, if the nonresident "transacts any business within this state." The only requirement is that the act or acts of the nonresident, giving rise to the cause of action, must have some relationship to the State of Georgia. There must be minimum contacts with this state.

In this case the appellee, at the time a resident of Georgia, executed a contract in the State of Georgia and the contract provided that it was to be construed and interpreted pursuant to the laws of Georgia. Both parties therefore invoked the protection of the law of Georgia with respect to their individual rights and liabilities under the contract.

These are sufficient contacts with the State of Georgia to comply with the requirement of transacting "any business within this state."

Under our Long Arm Statute jurisdiction over a nonresident exists on the basis of transacting business in this state if the nonresident has purposefully done some act or consummated some transaction in this state, if the cause of action arises from or is connected with such act or transaction, and if the exercise of jurisdiction by the courts of this state does not offend traditional fairness and substantial justice.

In the case of Einhorn v. Home State Savings Assn., 256 S. 2d 57 (1971), the District Court of Appeal of Florida, Fourth District, held that the execution and delivery of a promissory note by an individual personally present within the territorial limits of a state was sufficient to

constitute the transacting of "any business" within meaning of the state's long arm statute.

A most comprehensive annotation on the decisions predicating in personam jurisdiction over nonresidents upon the transacting of any business within a state is found in 27 ALR3d 397. This annotation reveals that the trend of the opinions is to construe long arm "transacting any business" statutes most liberally and to uphold the jurisdiction of the court of the plaintiff's residence in actions arising, either directly or indirectly, out of such transactions.

We hold that the trial court had personal jurisdiction over the appellee in this case.

*Judgment reversed. All the Justices concur.*

ARGUED MARCH 13, 1973 — DECIDED MAY 24, 1973.

*William F. Lozier,* for appellant.

*Long, Weinberg, Ansley & Wheeler, J. Stephen Jenkins,* for appellee.