**FULGHUM INDUSTRIES, INC.,**
**Plaintiff-Appellant,**

v.

**WALTERBORO FOREST PRODUCTS, INC., and Holly Hill Lumber Company, Defendants-Appellees.**

No. 72–2526.

United States Court of Appeals, Fifth Circuit.

April 11, 1973.

Rehearing Denied June 6, 1973.

Glenville Haldi, Atlanta, Ga., Randolph C. Karrh, Swainsboro, Ga., for plaintiff-appellant.

Milton A. Carlton, Charles B. Merrill, Jr., Swainsboro, Ga., for defendants-appellees.

Before RIVES, GOLDBERG and MORGAN, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

The district court below, 345 F.Supp. 296, dismissed the instant civil action for lack of *in personam* jurisdiction over the non-resident defendant under the Georgia Long Arm Statute.[1] We affirm.

This action was originally brought by Fulghum Industries in the Superior Court of Jefferson County, Georgia. It was then removed to the United States District Court for the Southern District of Georgia and the decision there appealed to this court.

The defendants, Walterboro Forest Products and Holly Hill Lumber Company, own and operate lumber mills in the State of South Carolina. They have no officers or agents located in the State of Georgia, but they do sell some of their products to Georgia customers. The plaintiff, Fulghum Industries, a Georgia corporation, contracted to design, engineer and construct for the defendants a sawmill to be installed and erected in South Carolina.

The plaintiff originally learned from a third party that the defendants were planning to construct a lumber mill in South Carolina, and subsequently the plaintiff entered into negotiations with the defendants concerning that mill. As part of these negotiations officers of the defendants visited the Georgia plant of the plaintiff and other sawmills erected by the plaintiff in Georgia. Numerous telephone calls and mail com-

---

1. Georgia Code Annotated § 24–113.

munications to discuss the contract occurred between the Georgia plaintiff and the South Carolina defendants. A contract was signed March 31, 1969, by the parties in their respective states. A dispute arose concerning payment for this plant and the inclusion in the final bill of a number of items of "extras". The only question before this court is the dismissal of the complaint by the court below for want of jurisdiction.

This court finds significant that this is an action on a contract involving parties of different states, unlike a situation where an unexpected tort leads to court action.

The appellant has asserted that several recent decisions of the Georgia Supreme Court should control as to interpretation of the Georgia Long Arm Statute.[2] But this court finds that these cases and other Fifth Circuit opinions[3] cited by the appellant are not persuasive in this situation because all of these cases were sounded in tort whereas this action is in contract. The Georgia Long Arm Statute itself provides for the difference between an action in tort and one in contract as to jurisdiction.[4]

■ The only part of the Georgia Long Arm Statute applicable here is Georgia Code Annotated § 24–113.1(a), which specifies that jurisdiction is obtained when a person "Transacts any business within this state; . . .". The Court of Appeals of Georgia has clearly outlined what this requires. In Castleberry v. Gold Agency and Company, 124 Ga.App. 694, 185 S.E.2d 557, that Court stated that the cause for action must arise from the act of transacting the business. So it is seen that any other business the defendant engaged in in Georgia which is unrelated to the contract with Fulghum is irrelevant.

We, therefore, agree with the court below that the Georgia statute does not extend to this situation.[5]

The district court is

Affirmed.

2. J. C. Penney Company v. Malouf Company et al., Ga.1973, 196 S.E.2d 145; Coe and Payne v. Wood Mosaic, Ga.1973, 195 S.E.2d 399.

3. Eyerly Aircraft Company v. Killian, 414 F.2d 591 (5 Cir. 1969); Jetco Electronic Industries v. Gardiner, 473 F.2d 1228 (5 Cir. 1973); Smith v. Piper Aircraft Corp., 425 F.2d 823 (5 Cir. 1970).

4. § 24–113.1, Georgia Code Annotated, reads as follows:
   Personal jurisdiction over nonresidents of State.—
   A court of this State may exercise personal jurisdiction over any nonresident, or his executor, or administrator, as to a cause of action arising from any of the acts, omissions, ownership, use or possession enumerated in this section, in the same manner as if he were a resident of the State, if in person or through an agent, he:
   (a) Transacts any business within this State; or

   (b) Commits a tortious act or omission within this State, except as to a cause of action for defamation of character arising from the act; or
   (c) Commits a tortious injury in this State, caused by an act or omission outside this State, if the tortfeasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this State; or
   (d) Owns, uses or possesses any real property situated within this State.
   (Acts 1966, p. 343; 1970, pp. 443, 444.)

5. A decision contra to this would certainly appear to chill the constitutional liberty of a citizen to travel to another state and consider engaging in even the simplest business venture. The court, however, has found it unnecessary to deal with the federal question of whether or not the due process laws would be violated if jurisdiction attached under the statute.