28508. O. N. JONAS COMPANY, INC. v. B & P SALES CORPORATION.
28509. O. N. JONAS COMPANY, INC. v. B & P DISTRIBUTORS OF EASTERN PENNSYLVANIA, INC.
28510. O. N. JONAS COMPANY, INC. v. B & P DISTRIBUTORS, INC.

GUNTER, Justice.

This case (three actions involving the same issues) has to do with Georgia's Long Arm Statute. Code Ann. § 24-113.1.

The appellant procured default judgments against the appellees on January 15, 1973. Appellees were not

residents of Georgia, and service had been perfected pursuant to Georgia's Long Arm Statute. Two days after the default judgments were entered, appellees brought these actions to set the judgments aside and enjoin their enforcement. Appellees also attacked Georgia's Long Arm Statute as being unconstitutional. On January 17, 1973, the trial judge granted an injunction temporarily prohibiting the enforcement of the default judgments. The trial judge then conducted a hearing and on April 12, 1973, he entered a judgment setting aside and vacating the default judgments that had been entered in favor of the appellant on January 15, 1973. The appellant has come here seeking review.

The appellant manufactured goods in Georgia and sold them to appellees who were not residents of the State of Georgia. A dispute arose between the parties with respect to payment for the goods sold and delivered to the appellees outside of the State of Georgia. Appellant brought actions below against the appellees in the Georgia forum and predicated jurisdiction and service on Georgia's Long Arm Statute, Code Ann. § 24-113.1. This statute provides in pertinent part as follows: "A court of this state may exercise personal jurisdiction over any nonresident . . . as to a cause of action arising from any of the acts . . . enumerated in this section, in the same manner as if he were a resident of this state, if in person or through an agent, he: (a) transacts any business within this state." It is conceded that subparagraphs (b), (c), and (d) of this Code section are not applicable in this case.

The evidence showed that the only contacts the appellees had with the State of Georgia, with respect to the phrase "transacts any business within this state," were that agents of the appellees had visited the appellant's manufacturing plant in Georgia and the goods, subsequently purchased by appellees and shipped to appellees outside of the State of Georgia, were invoiced FOB shipping point. The evidence showed that none of the goods involved in these actions was purchased by the appellees during their agents' visit to appellant's Georgia plant. All goods involved in these actions were purchased by the appellees pursuant to purchase orders placed either by mail or telephone and the orders originated

outside of the State of Georgia. No contracts with respect to the sale and purchase of the goods involved were executed in the State of Georgia.

It is the appellant's contention that visits by appellees' agents to the appellant's plant in Georgia which eventually resulted in the purchases plus shipment of the goods FOB shipping point are sufficient contacts with the State of Georgia to constitute transacting "any business within this state" by the appellees pursuant to Code Ann. § 24-113.1 (a).

The appellant relies on three relatively recent cases decided by this court, *Coe & Payne Co. v. Wood-Mosaic Corp.,* 230 Ga. 58 (195 SE2d 399) (1973); *J.C. Penney Co. v. Malouf Co.,* 230 Ga. 140 (196 SE2d 145) (1973); and *Davis Metals, Inc. v. Allen,* 230 Ga. 623 (198 SE2d 285) (1973).

*Coe & Payne* is not applicable here because that case involved a tort. *J. C. Penney* is not applicable here, because in that case Penney had shipped goods into the State of Georgia that had allegedly caused damages and Penney had by contract with the defendant (third-party plaintiff) indemnified the defendant against such damages. *Davis Metals* is not applicable here because in that case a contract between the parties had been executed and partially performed within the State of Georgia, the contract itself provided that it was to be interpreted and construed pursuant to the laws of Georgia, and the cause of action against the nonresident arose solely by breach of this Georgia contract.

In the instant case there were no negotiations or contracts entered into in Georgia with respect to the goods that are the subject matter of these actions. Purchase orders for the goods originated outside of the state. The goods were shipped FOB shipping point, such shipping point being in Georgia, and, as we read this record, that is the only contact that appellees had with this state with respect to the goods purchased by them. We hold that this is an insufficient "contact" with the State of Georgia to comply with the requirement of transacting "any business within this state" under subsection (a) of Georgia's Long Arm Statute.

In *Davis Metals* we said: "Under our Long Arm

Statute jurisdiction over a nonresident exists on the basis of transacting business in this state if the nonresident has purposefully done some act or consummated some transaction in this state, if the cause of action arises from or is connected with such act or transaction, and if the exercise of jurisdiction by the courts of this state does not offend traditional fairness and substantial justice."

Under the facts of this case the appellees have not transacted "any business within this state" and the exercise of jurisdiction over them by the courts of this state would offend traditional fairness and substantial justice.

As subsection (a) of Code Ann. § 24-113.1 was construed by the trial judge, and as construed by this court on appeal, it is not unconstitutional; it does not deprive a nonresident of due process of law.

It follows that the judgments of the trial court must be affirmed.

*Judgments affirmed. All the Justices concur.*

SUBMITTED DECEMBER 14, 1973 — DECIDED MAY 21, 1974.

*Barnes & Little, Sam F. Little,* for appellant.
*Warren N. Coppedge, Jr.,* for appellees.