### 49747. DELTA EQUITIES, INC. v. LARWIN MORTGAGE INVESTORS.

PANNELL, Presiding Judge.

This case originally was before us on appeal by appellee from denial of a motion for summary judgment, which was sustained. *Larwin Mortgage Investors v. Delta Equities,* 129 Ga. App. 769 (201 SE2d 187). It is now before us from the granting of a motion to dismiss for lack of jurisdiction over the person which was submitted to the jury by the trial judge, which culminated in a directed verdict. Appeal is pursuant to a certificate for immediate review.

In 1972, a Mr. Colodny, appellant's president, and a Mr. Antokal, loan officer for appellee, first met in a California convention booth maintained to attract real estate developers and to solicit the placing of loans of Larwin funds with developers engaged in construction. After the first meeting, Mr. Antokal contacted Mr. Colodny to pursue the possibility of financing some of appellant's projects. Subsequently, a meeting took place in Florida and Mr. Antokal again pursued the possibility of loans by appellee. Mr. Antokal then came to Atlanta, Georgia for further discussions. Progress having been made at this meeting, a second meeting in Atlanta took place when Mr. Antokal and several associates returned to Atlanta to close the loans on two projects in Georgia. On this visit appellees hired two architects and a law firm in Atlanta. Some differences were unresolved and appellee's contingent returned to California. On the following day, the differences were resolved during telephone conversations between Mr. Antokal and a Mr. Feldman, secretary of appellant corporation, and Mr. Antokal then requested a $10,000 refundable good faith deposit, which was wired to appellee's account in California. Appellee failed to make the loans and did not return the money. *Held:*

1. It is enumerated that the trial court erred in directing a verdict for the defendant and in entering a judgment thereon. We are thus faced with a determination of whether the "Long Arm Statute" of this state (Ga. L. 1966, p. 343; 1970, pp. 443, 444; Code Ann. § 24-113.1(a)) applies in the instant case. That statute provides in essence that a court of this state may exercise personal jurisdiction over a nonresident generated by an act of the nonresident, if the latter "transacts any business within this State." The act, of course, must have some relationship to the state and there must be minimum contacts within this state. See *J. C. Penney Co. v. Malouf Co.,* 230 Ga. 140 (196 SE2d 145).

In *Coe & Payne Co. v. Wood-Mosaic Corp.,* 230 Ga. 58, 61 (195 SE2d 399), the Supreme Court of this State adopted the liberal Illinois Rule in construing the statute's application and cited with approval language from Nelson v. Miller, 11 Ill. 2d 378, 384 (143 NE2d 673).

This was followed by *Davis Metals v. Allen,* 230 Ga. 623, 625 (198 SE2d 285) wherein the Supreme Court stated: "Under our Long Arm Statute jurisdiction over a nonresident exists on the basis of transacting business in this state if the nonresident has purposefully done some act or consummated some transaction in this state, if the cause of action arises from or is connected with such act or transaction, and if the exercise of jurisdiction by the courts of this state does not offend traditional fairness and substantial justice." In furtherance of this enumeration, the court also cited with approval the comprehensive annotation in 27 ALR3d 397 on the decisions predicating in personam jurisdiction over nonresidents upon the transacting of any business within a state. We have considered those authorities carefully and are not unmindful that "the trend of the opinions is to construe long arm 'transacting any business' statutes most liberally and to uphold the jurisdiction of the court of plaintiff's residence in actions arising, directly, out of such transactions." Appellee's agents made two visits to Georgia to negotiate a contract. We harbor no question but that such negotiations constitute a significant contact in Georgia and are significant factors to be considered in determining whether appellee is subject to this state's jurisdiction. Accordingly, we hold that the negotiations within the confines of this state constituted the required "minimum contacts" necessary to hold that appellee was "transacting business" within the intent of Georgia's Long Arm Statute, supra, and that there is no violation of due process or the underlying principles of fair play, reasonable notice and opportunity to defend are present. See International Shoe Co. v. Washington, 326 U. S. 310 (66 SC 154, 90 LE 95, 161 ALR 1057); Hanson v. Denckla, 357 U. S. 235 (78 SC 1228, 2 LE2d 1283), reh. den., 358 U. S. 858 (79 SC 10, 3 LE2d 92). Accordingly, the trial court erred in granting the motion to dismiss for lack of jurisdiction over the person.

2. The remaining assignments of error are without merit.

*Judgment reversed. Evans and Webb, JJ., concur.*

SUBMITTED OCTOBER 2, 1974 — DECIDED NOVEMBER 6, 1974—

REHEARING DENIED NOVEMBER 22, 1974 — ▮

*Hugh F. Newberry,* for appellant.
*Cofer, Beauchamp & Hawes, Peyton S. Hawes, Jr., Robert S. Jones,* for appellee.