## 50640. SHEA/RUSTIN, INC. v. HOME FASHION GUILD LTD. et al.

QUILLIAN, Judge.

The appellant, a Georgia corporation filed a claim against the appellee, a New York Corporation, alleging that the appellee breached a contract with the appellant. The appellant contracted to organize, prepare and print certain advertising campaigns for the appellee. The appellee filed a motion to dismiss on the ground of improper venue. The motion was granted and the case is here for review. *Held:*

The question for determination is whether the appellee was subject to the jurisdiction of the Civil Court of Fulton County under the provisions of the "Long Arm Statute," Code Ann. § 24-113.1. (Ga. L. 1966, p. 343; 1970, pp. 443, 444.) The only provisions of the above statute which could apply to the present case is Section (a) which confers jurisdiction if the nonresident "transacts any business within this State."

Our Supreme Court has construed the term "transacting any business" most liberally to uphold the jurisdiction of the Georgia courts. *J. C. Penney Co. v. Malouf Co.,* 230 Ga. 140 (196 SE2d 145); *Davis Metals, Inc. v. Allen,* 230 Ga. 623, 626 (198 SE2d 285).

The well written opinion of the trial judge states in part: "The question presented is whether the defendant Home Fashion Guild, Ltd. 'transacted any business within this state,' so as to subject them to the jurisdiction of the courts of this state under what is commonly referred to as the Long Arm statute (Code Ann. § 24-113.1). Counsel for both sides have cited the *Jonas* case, 232 Ga. 256, which was decided by our Supreme Court on May 21, 1974, and the *Delta Equities* case, 133 Ga. App. 382, which was decided by our Court of Appeals on November 6, 1974, and certiorari was denied by the Supreme Court on January 22, 1975. These are apparently our two most recent cases on the subject. Both decisions are concurred in: In *Jonas,* the out-of-state party 'visited the appellant's manufacturing plant in Georgia and the goods,' and this was not enough for the Long Arm statute to apply; in *Delta Equities,* the out-of-state party came to Georgia 'for

further discussions,' and 'a second meeting in Atlanta,' and 'returned to Atlanta to close the loans,' and the Long Arm did apply. Affidavits have been made in this case by Mr. Eisen for Home Fashion Guild, Ltd., and Mr. Nelson and Mr. Gandy for plaintiff. There appears to be no dispute that the negotiations began in New York, the agreement was made in New York, payment of funds was made in New York, that defendant has no employees, officers, or agents in Georgia, but that one of its officials — Mr. Simmons — visited Atlanta for at least two days 'to further personally discuss with Shea/Rustin, Inc. personnel the production details regarding said job,' (Nelson's Affidavit, Page Three). Mr. Gandy's affidavit (paragraph 5) states the following: 'I personally observed Mr. Simmons in the Shea/Rustin plant in Atlanta, Georgia, at the time of the aforesaid visit actively engaged in the direction and supervising the production of the work performed in connection with the aforesaid job. This was one of the main purposes of his visit and he personally directed and supervised this work so that same would meet his satisfaction and requirements. During April 2nd. and 3rd., 1974, he was in the Shea/Rustin plant from approximately 9:00 a.m. until 6:00 p.m. each day working on said job as aforesaid and actively engaged in the production of said job.' "

We further point out that Gandy's affidavit also recited: "On April 2, 1974, I went to lunch with said Mr. Simmons and Mr. Nelson of Shea/Rustin at the Sheraton-Winchester Motel on I-285 in Atlanta, Georgia, and *personally discussed with him many times on that date and on the following date production details in connection with costs and scheduling of said job. The details of the job costs to that date were agreed to between Mr. Simmons and myself as evidenced by the document of April 5th, 1974,* which is attached hereto and made a part hereof as Exhibit "B," which was subsequently signed by Mr. Nelson of Shea/Rustin, my immediate supervisor, and by Mr. David Eisen, the supervisor of Mr. Simmons, and as Vice-President of Home Fashion Guild." (Emphasis supplied.) Thus, the purchase order, which stated the agreement, was entered into and was dated subsequent to these negotiations.

It should be noted that in *O. N. Jonas Co. v. B & P Sales,* 232 Ga. 256, 258 (206 SE2d 437), the Supreme Court determined that "there were no negotiations or contracts entered into in Georgia with respect to the goods that are the subject matter of these actions." While in *Delta Equities, Inc. v. Larwin Mortgage Investors,* 133 Ga. App. 382, 384 (211 SE2d 9), supra, this court found that negotiations took place and "that such negotiations constitute a significant contact in Georgia and are significant factors to be considered in determining whether appellee is subject to this state's jurisdiction. Accordingly, we hold that the negotiations within the confines of this state constituted the required 'minimum contacts' necessary to hold that appellee was 'transacting business' within the intent of Georgia's Long Arm Statute." Hence, contrary to the trial judge we find that the activity of the appellee's agent in the case sub judice was sufficient to constitute the required "minimum contacts" necessary to constitute "transacting business" and therefore subject the appellee to the jurisdiction of the Georgia court.

*Judgment reversed. Pannell, P. J., and Clark, J., concur.*

ARGUED MAY 8, 1975 — DECIDED JUNE 12, 1975.

*Henning, Chambers & Mabry, Edward J. Henning, Frederick W. Johnson,* for appellant.

*Hurt, Richardson, Garner & Todd, Paul M. Talmadge, Jr., J. Rodgers Lunsford, III,* for appellees.