**MIDLAND NATIONAL BANK**

v.

**COUSINS PROPERTIES, INC., et al.**

**No. C75–577A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Aug. 21, 1975.

R. William Ide, Huie, Brown & Ide, Peyton S. Hawes, Jr. and James H. Rollins, Cofer, Beauchamp & Hawes, Atlanta, Ga., for plaintiff.

Clay C. Long, Long & Aldridge, Atlanta, Ga., for Jabco Industrial Properties, Inc.

John J. Dalton, Troutman, Sanders, Lockerman & Ashmore, Atlanta, Ga., for Cousins Properties, Inc., and others.

## ORDER

MOYE, District Judge.

Plaintiff Midland National Bank has sued defendants Cousins Properties, Jabco Industrial Properties, Inc., and others based on securities violations and fraud in inducing Midland to make a loan of $5,000,000 to the debtor, Jabco Twenty-One. The case is presently before the Court on defendant Cousins Properties Incorporated's motion filed July 3, 1975, to join additional parties or in the alternative to dismiss pursuant to Fed.R.Civ.P. 19.

Defendant Cousins alleges that nine other banks in Wisconsin and Michigan must be joined as parties for a just adjudication under Rule 19, because plaintiff Midland sold participation rights totaling $2,000,000 in this loan to these banks. (Copies of the participation certificates are attached to the defendants' motion as Exhibit "A", pages 1–14.) Cousins claims that the participation certificates show that these nine banks have, under Fed.R.Civ.P. 19(a), a real interest in the subject of this action and that the disposition of the action in their absence may impede their ability to protect their interests or leave the other parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of their claimed interests.

Cousins claims that if the banks refuse to join, the Court should order them joined as involuntary plaintiffs under Rule 19(a). Cousins claims that the Court has jurisdiction over these banks and service of process can be effectuated under two theories: (1) Midland has voluntarily submitted to the jurisdiction of the Court and Midland is the "agent for the collection of principal and interest" for the banks under the participation certificates. Therefore, the banks have voluntarily submitted to the jurisdiction of the Court by the actions of their agent, Midland; (2) these banks are "doing business" in Georgia "by an agent" (Midland) within the ambit of § 24–113.1 of the Georgia Long-Arm Statute because Midland's transactions in Georgia with the defendants constitute minimum contacts with the state under *Delta Equities, Inc., v. Larwin Mortgage Investors*, 133 Ga.App. 382, 211 S.E.2d 9 (1974).

Plaintiff Midland opposes the motion for joinder. Midland shows that this suit is not based on the promissory notes alone but alleges fraud, misrepresentation, securities law violations and the enforcement of rights based on a guaranty. Midland claims that the participation banks do not have to be joined under Rule 19(a)(1) because they do not claim an "interest relating to the subject of the action." Midland's argument is twofold: (1) the instant action is not a suit on a note and the participating banks have no interest to protect in a suit by Midland alleging fraud and securities violations against the defendants. Midland refutes Cousins' argument that the notes and suit are so closely related that the banks have an "interest" in the subject of this suit as an overbroad construction of Rule 19(a). See *Viles v. Prudential Insurance Company of America*, 124 F.2d 78 (10 Cir. 1941), and *Rush and Halloran, Inc. v. Delaware*

*Valley Finance Corporation*, 180 F.Supp. 63 (E.D.Pa.1960). As Professor Moore states concerning an analogous situation:

"In general, a third party does not become indispensible to an action to terminate a contract simply because its rights or obligations under an entirely separate contract will be seriously affected by the termination." 3A Moore's *Federal Practice* ¶ 19.10, pp. 2349–50 (2d ed. 1974).

(2) Midland notes that:

"A bank participation certificate is the purchase by the participant bank of a par value portion of the proceeds of a note of the lead bank, on terms entirely separate and distinct from the note, and does not convey an interest in the note itself to the participant bank so as to give it an 'interest' in the note. Accordingly, the participant banks have no 'interest relating to the subject matter of the action' so as to bring them within the purview of Rule 19(a)."

Since the participation certificates do not assign or convey any right or cause of action to the debtor, Midland argues that the participating banks are unnecessary for complete relief here. Their recourse, if any, is against the lead bank (Midland). This rationale behind the issuance of participation certificates, states Midland, is to avoid a multiplicity of parties in the administration or enforcement of a note. Midland states:

"It is clearly the intent of the parties to the bank participations, as it is the law, that the note and the participation are entirely distinct agreements giving rise to distinct rights and obligations, that the lead bank as holder of the note is the only party with cause of action against the debtor and that the participant banks only interest are in a pro rata share of payments made, voluntarily or as the result of litgation, to the lead bank."

Therefore, joinder under Rule 19(a) is not required.

As a second argument, plaintiff Midland claims that it is the real party in interest, as defined by Fed.R.Civ.P. 17(a), and may bring this action without joining the participating banks.

Rule 17(a) defines a real party in interest and provides:

"(a) *Real Party in Interest.* Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought . . .. (emphasis added)."

Midland alleges that it is the "party with whom or in whose name a contract has been made for the benefit of another" (the participating banks) and therefore it may sue in its own name without joining the parties for whose benefit the action was brought. Midland states that it is the original party to the loan agreement with the debtor and that:

"The participation agreements between Midland and the nine participating banks show that it was not the intention of the parties to those agreements that Midland would assign (as part of the participation agreement) any of its rights to bring, as the real party in interest, an action on the note between Midland and Twenty-One. Those agreements clearly show that Midland retains the same rights to collect on the note that it had before the participation agreements. Midland, therefore, remains the real party in interest and the proper party to bring this suit."

Midland shows that it is the "agent for collection of principal and interest and the custody of collateral" under the

participation certificates—evidence that the participating banks intended to assign to Midland their collection rights under the certificates. Even assuming arguendo that Midland is not the real party in interest, but is an assignee for collection purposes only under the participation agreements, Midland argues that it is still the rule in the great majority of American jurisdictions that the assignee for collections is the real party in interest. 3A Moore's *Federal Practice,* ¶ 17.09[1.–1], p. 276 (2d ed. 1974).

Midland argues that the purpose of Rule 17 is "to make clear that a party with whom or in whose name a contract had been made for the benefit of another was not to be deprived of his common law right because another was the beneficial owner, and also to make certain that he need not join the beneficial owner." *Prudential Oil and Mineral Co. v. Hamlin,* 277 F.2d 384, 387 (1960), citing 3A Moore's *Federal Practice* ¶ 17.13 (2d ed. 1974).

The Court agrees with the position of plaintiff Midland. Rule 19(a) provides as follows:

"*Rule 19: Joinder of Persons Needed for Just Adjudication*

"(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action."

The test under Rule 19(a) for joinder of an indispensable party is threefold:

(1) The party sought to be joined must be subject to service of process; and

(2) His joinder must not deprive the Court of subject matter jurisdiction; and either:

(3)(a) Complete relief cannot be accorded the present parties in his absence; or

(3)(b) He claims an interest relating to the subject of the action, and is so situated that disposition of the action in his absence may

(i) as a practical matter impair or impede his ability to protect that interest; or

(ii) leave the present parties subject to a substantial risk of incurring multiple or inconsistent obligations by reason of the claimed interest.

The plaintiff argues that the participating banks fall under the (3)(b)(i) and (3)(b)(ii) situations outlined by the Court above. Although there is little question that the participating banks have an "interest" in the notes in question, the gravamen of the instant complaint as the plaintiff points out is not a suit for recovery on the notes. Moreover, the Court is not convinced that the requirements of either (i) or (ii) have been met.

Concerning (i), the participating banks will continue to have recourse against the lead bank, Midland, pursuant to their participation certificates if there has occurred some actionable violation pursuant to those certificates.

Concerning (ii), the Court does not see how the defendants would be subject to multiple obligations since the suit involves claims of securities violations and fraud between Midland only and the defendants.

There has been no allegation by the defendants under (3)(a), supra, that complete relief cannot be accorded the present parties in the absence of the participating banks.

In summary, the Court finds itself persuaded by the arguments of the plaintiff that Midland is the only real party in interest here and that joinder of the participation banks is not required under Rule 19(a). Therefore, there is no need to discuss the further issues of (1) service of process and (2) subject matter jurisdiction under Rule 19(a).

Accordingly, the defendant's motion to join additional parties or in the alternative to dismiss is hereby ordered denied.