## 51271. GREENFIELD v. PORTMAN.

QUILLIAN, Judge.
The question presented by this appeal is whether the

facts alleged authorize service under Code Ann. § 24-113.1 (Ga. L. 1966, p. 343; 1970, pp. 443, 444) to be obtained on the defendant, a nonresident. The complaint alleged that the defendant, appellant here, is a nonresident of the State of Georgia, residing in Jacksonville, Florida; that the defendant sold a certain automobile to the plaintiff, the sale taking place in Chatham County, Georgia on or about August 2, 1974; that by reason of the above mentioned sale the defendant transacted business within this state in Chatham County and under the provisions of Code Ann. § 24-113.1, the defendant is subject to the personal jurisdiction of this court.

The complaint then set out that the defendant fraudulently represented to the plaintiff that the automobile was equipped with a recently rebuilt engine and that the engine was not; that the plaintiff presented a notice of revocation and sought either that the contract be rescinded or that the money be refunded to the plaintiff, or that the defendant provide a new engine for the automobile pursuant to his representations.

The trial judge entered an order which recited from a consideration of the verified complaint that the defendant transacted business within the state and that he was therefore subject to personal jurisdiction. Pursuant to the order the complaint and summons were issued to the defendant in Jacksonville, Florida. The defendant appeared and, before answering, filed motions to dismiss, one of which stated: "Defendant moves the Court pursuant to Section 12 (b) of the Georgia Civil Practice Act to dismiss the above styled action for lack of jurisdiction over the person of defendant in that defendant is a resident of the State of Florida and was served within said state and not within the State of Georgia, and is therefore not subject to service of the process issued by this Court, as will appear by reference to the complaint and certificate of service of said summons."

The defendant subsequently answered the complaint and included a defense that service of process under the provisions of Code Ann. § 24-113.1 as ordered and approved by the trial court violated the due process

clause of the Fourteenth Amendment of the United States Constitution. The answer also admitted that the defendant sold the plaintiff the motor vehicle in question as alleged in the complaint. The motion to dismiss for lack of jurisdiction over the person came on for hearing at which the trial judge denied the motion, reciting in the order that the motion was argued and considered.

In this court counsel for the defendant urges that the complaint shows that the basis for "transacting any business within this state" is a single sale of a used vehicle; that there is nothing to show that this was a commercial transaction as opposed to a sale between two individuals; that constitutional requirements of due process mandate a finding that the obtaining of personal jurisdiction on the grounds alleged does not offend traditional notions of fair play and substantial justice; that in the absence of such finding there can be no jurisdiction over the defendant. *Held:*

In *Coe & Payne Co. v. Wood-Mosaic Corp.,* 230 Ga. 58 (195 SE2d 399), the Supreme Court in reversing this court pointed out that the intent of the Long Arm Statute was to extend personal jurisdiction to the perimeters or full limits allowed under the Federal Constitution. " 'The foundations of jurisdiction include the interest that a State has in providing redress in its own courts against persons who inflict injuries upon, or otherwise incur obligations to, those within the ambit of the State's legitimate protective policy.' " *Coe & Payne Co. v. Wood-Mosaic Corp.,* 230 Ga. 58, 61, supra. See *Davis Metals v. Allen,* 230 Ga. 623, 625 (198 SE2d 285).

The court in making this ruling adopted the so-called Illinois Rule. "The Illinois Rule is also based on the premise that the Long Arm Statute contemplates that jurisdiction shall be exercised over non-resident parties to the maximum extent permitted by procedural due process." *Coe & Payne Co. v. Wood-Mosaic Corp.,* 230 Ga. 58, 60, supra. In Illinois, as in other states, it has been recognized that under similar statutory language that one transaction is sufficient. Wing v. Challenge Machinery Co., 23 FRD 669, and cases therein cited; Gray v. American Radiator &c. Corp., 22 Ill. 2d 432.

This court has given recognition to this rule as stated

in *Porter v. Mid-State Homes, Inc.,* 133 Ga. App. 706, 707 (213 SE2d 10): "Jurisdiction over a nonresident exists on this basis if the nonresident has purposefully done some act or consummated some transaction in this state, if the claim arises from or is connected with the act or transaction, and if the exercise of jurisdiction by the courts of this state does not offend traditional fairness and `substantial justice." Southern Machine Co. v. Mohasco Industries, Inc., 401 F2d 374 (1968); White Lumber Sales, Inc. v. Sulmonetti, 252 Ore. 121 (448 P2d 571) (1968); Einhorn v. Home State Savings Assn., 256 S2d 57 (Fla. App.) (1971).

Here we have a motion to dismiss at which no evidence was introduced. We therefore can only determine whether as a matter of law the complaint was insufficient to sustain jurisdiction under the Georgia Long Arm Statute (Code Ann. § 24-113.1 et seq.) Contrary to the defendant's contentions, we do not assume that traditional notions of fair play and substantial justice have been offended in the absence of any showing to the contrary. Nor do we make any assumption with regard to whether this was a "commercial" sale or not. Here, the cause of action arose out of the transaction and the transaction was consummated in this state. The fact that the trial judge did not make a specific finding as to "substantial justice" will not require a reversal. We do not make any intimation as to our holding had there been evidence in this regard.

*Judgment affirmed. Pannell, P. J., and Clark, J., concur.*

ARGUED OCTOBER 8, 1975 — DECIDED NOVEMBER 13, 1975.

*Corish, Smith, Remler & Moore, Albert N. Remler,* for appellant.

*Friedman, Haslam & Weiner, Bruce A. Howe,* for appellee.