**FOWLER PRODUCTS COMPANY, INC., Plaintiff,**

v.

**COCA–COLA BOTTLING COMPANY OF TULSA, INC., Defendant.**

**Civ. A. No. 76–18–Ath.**

United States District Court, M. D. Georgia, Athens Division.

May 28, 1976.

Edwin Fortson, Fortson, Bentley & Griffin, Athens, Ga., for plaintiff.

A. Felton Jenkins, Jr., Lanny B. Bridgers, King & Spalding, Atlanta, Ga., for defendant.

OWENS, District Judge:

■ The question in this diversity case is whether Georgia's "long-arm" statute, Ga. Code Ann. § 24–113.1(a) extends to authorize service upon a corporation organized and doing business in Oklahoma in a suit concerning a contract which called for the defendant to pay for machinery manufactured by the plaintiff in Georgia according to specifications furnished by the Oklahoma defendant to be shipped FOB Athens, Georgia, for the defendant's use in Oklahoma. In its brief, the plaintiff asserts that jurisdiction attaches from the transmittal into Georgia of the sales agreement, executed in Oklahoma, the sending into Georgia of information and specifications for the manufacture of the machinery and equipment, the acceptance of the goods by the defendant in Georgia by virtue of the contractual provision providing for delivery to a carrier in Georgia, and mailing into Georgia by the defendant of a down payment check. It is undisputed that the plaintiff solicited this contract in the defendant's offices in Oklahoma, that the negotiations took place there, and that no agent or employee of the defendant has ever been in Georgia in connection with this contract. The defendant does have an ongoing relationship with suppliers in Georgia, but this, of course, is immaterial to the present inquiry inasmuch as the transaction of business which gives rise to the application of the long-arm statute must be related to the claim in question. *E. g., Fulghum Industries, Inc. v. Walterboro Forest Products, Inc.,* 477 F.2d 910 (5th Cir.1973); *Castleberry v. Gold Agency & Co.,* 124 Ga.App. 694, 185 S.E.2d 557 (1971).

■ In *Shea/Rustin, Inc. v. Home Fashion Guild, Ltd.,* 135 Ga.App. 88, 217 S.E.2d 405 (1975), the plaintiff sought to sue a New York corporation for breach of their contract under which the plaintiff was to prepare and print advertising materials for the defendant. Finding that officers of the defendant corporation had visited the state on several occasions and had discussed production and cost details with agents of the plaintiff leading to the business relationship at that time, the court concluded that the non-resident was transacting business within the meaning of the long-arm statute even though it had no agent or office in Georgia and initial negotiations had been in New York. Thus, it is clear that negotiation of a contract within this state is sufficient in itself under Georgia law to enable a Georgia court to acquire jurisdiction. *Accord, Delta Equities, Inc. v. Larwin Mortgage Investors,* 133 Ga.App. 382, 211 S.E.2d 9 (1974).

Although *Shea/Rustin* gives Georgia's long-arm statute an expansive reading, its sweep is not broad enough to aid the plaintiff here because the key ingredient of contract negotiation within this state is missing. Recognizing this deficiency, the plaintiff insists that such a factor is not a *sine qua non* for jurisdiction under the statute and asks this court to apply the rule established in Illinois in *Colony Press, Inc. v. Fleeman,* 17 Ill.App.3d 14, 308 N.E.2d 78 (1974). In that case, strikingly similar to

*Shea/Rustin,* an Ohio corporation made a telephone order of printed advertisement inserts from the plaintiff, an Illinois corporation, in response to advertisements in a newspaper. The court held that the defendant's placement of a single interstate telephone order, his return of a corrected copy of the insert, and acceptance of the order shipped FOB Chicago constituted the "transaction of any business" within the state under the Illinois long-arm statute.

Although *Fleeman* might sustain application of the long-arm statute in this instance, and although Georgia courts have on occasion approvingly noted Illinois decisions dealing with long-arm jurisdiction, *e. g., Coe & Payne Co. v. Wood-Mosaic Corp.,* 230 Ga. 58, 195 S.E.2d 399 (1973); *Delta Equities, Inc. v. Larwin Mortgage Investors,* 133 Ga.App. 382, 211 S.E.2d 9 (1974), that interpretation does not comport with Georgia authority establishing that mere contracting with a Georgia resident is insufficient to extend the long arm of the Georgia courts. Thus, in *O. N. Jonas Co., Inc. v. B. & P. Sales Corp.,* 232 Ga. 256, 206 S.E.2d 437 (1974), the Georgia plaintiff sued a foreign corporation which had failed to pay for goods sold and shipped FOB plaintiff's Georgia plant. Even though agents of the foreign corporation had visited the plant, the court observed that all of the goods involved in the lawsuit had been unrelated to those visits and had been purchased by mail or telephone from outside the state. In the absence of any contractual activity in Georgia, the court found that the defendant had not transacted any business in Georgia. Similarly, in *Fulghum Industries, Inc. v. Walterboro Forest Products, Inc.,* 477 F.2d 910 (5th Cir.1973), the Fifth Circuit held that the long-arm statute did not apply to a defendant corporation which, after its agents had visited the plaintiff's plants in Georgia, entered into a contract for the plaintiff to build a sawmill in the defendant's state.

■ These cases are admittedly distinguishable from the instant case. Unlike *O. N. Jonas Co.,* the resident corporation here was engaged in producing equipment manufactured to the specifications of the defendant, not goods produced in standard fashion for buyers in the ordinary course of business; unlike *Fulghum Industries, Inc.,* the work to be performed by the Georgia resident was to be cɑmpleted in Georgia. Nevertheless, the focus under Georgia law is on what the defendant nonresident has done in Georgia, not on the character of the plaintiff's activities. In marked contrast to cases in which a nonresident comes into Georgia to sell a product, *Greenfield v. Portman,* 136 Ga.App. 541, 221 S.E.2d 704 (1976), to negotiate a contract, *Shea/Rustin, Inc. v. Home Fashion Guild, Ltd.,* 135 Ga. App. 88, 217 S.E.2d 405 (1975) or to engage in customary business pursuits, *Granite & Quartzite Centre, Inc. v. M/S Virma,* 374 F.Supp. 1124 (S.D. Ga.1974), the Oklahoma defendant here contracted with a Georgia resident after the Georgia resident had come into *its* home state to solicit its business and after negotiations leading to consummation of the contract had taken place there. In these circumstances, the foreign corporation cannot fairly be said to have subjected itself to the jurisdiction of the courts of this state by "transacting any business" within it.

■ The court recognizes that the policy of the Georgia courts in considering the application of the long-arm statute is "to extend personal jurisdiction to the perimeters or full limits allowed under the Federal Constitution." *Greenfield v. Portman,* 136 Ga.App. 540, 543, 221 S.E.2d 704, 705 (1976), and that on a motion to dismiss the court must "not assume that traditional notions of fair play and substantial justice have been offended in the absence of any showing to the contrary." *Id.* at 544, 221 S.E.2d at 706. Likewise, the court is fully aware that "the trend . . . is to construe long arm 'transacting any business' statutes most liberally and to uphold the jurisdiction of the court of the plaintiff's residence in actions, arising either directly or indirectly, out of such transactions." *Davis Metals, Inc. v. Allen,* 230 Ga. 623, 198 S.E.2d 285 (1973), *quoting* Annot., 27 A.L.R.3d 397 (1969); *accord Delta Equities, Inc. v. Larwin Mortgage Investors,* 133 Ga.App. 382,

211 S.E.2d 9 (1974). Nevertheless, as the Supreme Court has reminded us, "it is a mistake to assume that this trend heralds the eventual demise of all restrictions on the personal jurisdiction of state courts." *Hanson v. Denckla,* 357 U.S. 235, 251, 78 S.Ct. 1228, 1238, 2 L.Ed.2d 1283, 1296 (1958). In *Hanson v. Denckla,* a Florida court had assumed jurisdiction over a Delaware trustee in a trust agreement executed in Delaware by a Pennsylvania settlor on the basis of the settlor's later residence in Florida and execution of a power of appointment under the trust at that time. In refusing to uphold this exercise of power, the Court stated:

> The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.

*Id.* at 253, 78 S.Ct. at 1239, 2 L.Ed.2d at 1297–98.

 The Oklahoma defendant in the instant case has done nothing within this state except technically accept goods under the FOB Athens contract and address mail to an Athens address concerning partial payment under the contract. This is not the purposeful conduct of activities within the state required to allow the exercise of long-arm jurisdiction. As the Fifth Circuit remarked in *Fulghum Industries, Inc. v. Walterboro Forest Products, Inc.,* 477 F.2d 910, 912 n. 5 (5th Cir.1973):

> A decision contra to this would certainly appear to chill the constitutional liberty of a citizen to travel to another state and consider engaging in even the simplest business venture.

Inasmuch as every lawsuit involves some relationship between a plaintiff and defendant, a decision that the court has jurisdiction over this nonresident on account of its

contract with the plaintiff would amount to an authorization of nationwide service of process. However malleable and expansive the modern concept of personal jurisdiction is, it does not constitutionally extend that far.

IT IS THEREFORE ORDERED that the case be dismissed for want of service and consequent failure of personal jurisdiction over the defendant foreign corporation.