**Harold JIMERSON, Plaintiff,**

v.

**Patricia Williamson PRICE, Defendant.**

**Civ. A. No. 75–160–MAC.**

United States District Court,
M. D. Georgia,
Macon Division.

March 24, 1977.

T. C. Garwood, Fort Valley, Ga., for plaintiff.

Cubbedge Snow, Jr., Macon, Ga., for defendant.

OWENS, District Judge:

In its order of April 9, 1976, this court held that the nonresident defendant in this personal injury, diversity case was properly subject to the jurisdiction of this court under the Georgia "long-arm" statute even though the defendant had been a resident of Georgia at the time the tort giving rise to the lawsuit occurred. 411 F.Supp. 102. The court in reaching this result recognized that the Supreme Court of Georgia had decided to the contrary in *Thompson v. Abbott*, 226 Ga. 353, 174 S.E.2d 904 (1970), but concluded that the case had been implicitly overruled by *Davis Metals, Inc. v. Allen*, 230 Ga. 623, 198 S.E.2d 285 (1973).[1] The defendant has moved the court to reconsider its order in light of a subsequently decided case, *Smiley v. Davenport*, 139 Ga. App. 753, 229 S.E.2d 489 (1976), *cert. denied*, No. 31795, Supreme Court of Georgia (Dec. 1, 1976).

The key concern of the court in *Smiley v. Davenport* was whether the nonresident doctor being sued for malpractice had or had not been a resident of Georgia at the time the tort occurred. In dealing with this issue, the court did not address the possible conflict between the holdings of *Thompson* and *Davis Metals* but simply and unequivocally stated, citing *Thompson* without further discussion:

"If [the defendant] was a legal resident of . . . Georgia, on the date of the incident which was the basis for this action, and thereafter became a nonresident by moving out of the state, he would not be amenable to service under the provisions of Georgia's Long Arm Statute." 139 Ga.App. at 755, 229 S.E.2d at 491.

After a review of the facts and applicable authorities relating to domicile and residence, the court held that the defendant had been a resident of Georgia at the time of the alleged tort and that as such he could not be subjected to the personal jurisdiction of the Georgia courts. The Supreme Court of Georgia having declined to review this determination, the decision stands as an authoritative construction of the Georgia

1. There does not seem to be a distinction between *Thompson* and *Davis Metals* which is sufficient, under the language of the "long-arm" statute, to reconcile their disparate holdings: both cases involved nonresident defendants who had been residents at the time of the *conduct which gave rise to application of the* "long-arm" statute. It is, of course, undeniable that in *Davis Metals* the conduct giving rise to the claim against the former resident occurred when he was a nonresident while in *Thompson* the conduct giving rise to the claim occurred when the nonresident was a resident. This factual difference, however, does not explain the divergent results of the two cases. The "long-arm" statute confers jurisdiction over "any nonresident" who, *inter alia*, "transacts any business within this State" or who "commits a tortious act or omission within this State" with respect to claims arising from the conduct within the state. Ga.Code Ann. § 24–113.1. The crucial fact in *Davis Metals*, then—and the only one authorizing the exercise of jurisdiction—is that the nonresident defendant transacted business in the state by making a contract *while a resident*; the fact that he was a nonresident *when the breach occurred* has nothing to do with application of the long-arm statute, as the court in *Davis Metals* explicitly recognized:

"The act that gives birth to a cause of action because of the competition carried on in Alabama is the contract entered into by the parties in the State of Georgia. The Georgia contract gives the [plaintiff] a cause of action if a breach occurs, and it is immaterial if the breach occurs within or without the State of Georgia." 230 Ga. at 625, 198 S.E.2d at 287.

The statute hinges the presence of jurisdiction on certain jurisdictional acts which occur within this state. It simply does not refer to conduct creating a cause of action as being significant in any way to a plaintiff's ability to subject a nonresident defendant to suit in this state, the only restriction in this regard being that the conduct forming the basis for the complaint be related to the conduct of the defendant in the state. Thus, the residence of a defendant when a cause of action arises is immaterial to application of the statute and is insufficient to explain properly the disparate results of *Thompson* and *Davis Metals*. The language of the statute requires either that both defendants be subjected to the jurisdiction of Georgia courts because of their conduct in the state or that both escape the statute's reach because of the absence of jurisdictional conduct engaged in by a "nonresident" as *Thompson* requires.

statute which this court is obligated to follow.

The defendant not being amenable to service under the long-arm statute, Ga.Code Ann. § 24–113.1, and no other basis for the exercise of this court's personal jurisdiction over the defendant appearing, the court's order in this case of April 9, 1976 denying the defendant's motion to dismiss is hereby vacated, that motion is hereby granted, and the plaintiff's complaint is dismissed.

SO ORDERED, this 24th day of March, 1977.