## 59082. ATLAS AVIATION, INC. v. HUNGATE.

BANKE, Judge.

This is an appeal from the dismissal of the plaintiff's complaint for lack of personal jurisdiction and venue. The defendant, a nonresident of Georgia, is alleged to be subject to suit here pursuant to subsection (a) of our Long Arm Statute, Code Ann. § 24-113.1, as a result of certain business transactions undertaken in this state.

The plaintiff seeks recovery for services rendered in repairing an airplane. The plane was owned by Gordon Aviation Sales, Inc., at the time the repairs were made and was subsequently purchased by the defendant. The plaintiff contends that it is entitled to an equitable lien on the plane because the defendant purchased it with knowledge that the repair bill owed by Gordon Aviation Sales was unpaid and because it has no adequate remedy

at law to collect the bill. Jurisdiction is predicated on a visit which one of the defendant's agents made to this state for the purpose of inspecting the plane at which time the agent directed the owner, Gordon Aviation Sales, to make certain repairs as a condition of the purchase. *Held:*

1. The trial court is not required to enter findings of fact and conclusions of law when ruling on a motion to dismiss for lack of venue. See Code Ann. §§ 81A-152 (a) and 81A-112. The court's failure to do so in this case was accordingly not error.

2. "Under our Long Arm Statute jurisdiction over a nonresident exists on the basis of transacting business in this state if the nonresident has purposefully done some act or consummated some transaction in this state, *if the cause of action arises from or is connected with such act or transaction,* and if the exercise of jurisdiction by the courts of this state does not offend traditional fairness and substantial justice." *O. N. Jonas Co. v. B & P Sales Corp.,* 232 Ga. 256, 259 (206 SE2d 437) (1974), quoting from *Davis Metals, Inc. v. Allen,* 230 Ga. 623, 625 (198 SE2d 285) (1973). (Emphasis supplied.) The defendant never entered into any contract with the plaintiff concerning the repairs made on the airplane, either in Georgia or anywhere else. This was a matter strictly between the defendant and Gordon Aviation Sales, Inc. Furthermore, there is no allegation of fraud or any other tortious conduct. Thus, assuming arguendo that the plaintiff's complaint might otherwise state a valid claim for relief, the trial judge was correct in dismissing it for lack of personal jurisdiction. See *O. N. Jonas Co. v. B & P Sales Corp.,* supra.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

SUBMITTED JANUARY 15, 1980 — DECIDED FEBRUARY 18, 1980.

*Reuben M. Word,* for appellant.
*Richard G. Tisinger,* for appellee.