Charles A. PHILLIPS, Plaintiff,

v.

**ELECTRICAL CONSTRUCTORS OF AMERICA, INC., et al., Defendants.**

Civ. A. No. 81–55–VAL.

United States District Court,
M. D. Georgia,
Valdosta Division.

April 15, 1982.

(1979); *Whiting v. United States*, 321 F.2d 72, 75 n.3 (1st Cir. 1963), *cert. denied*, 375 U.S. 884, 84 S.Ct. 158, 11 L.Ed.2d 114 (1963).

Stephen L. Guice, Biloxi, Miss., B. G. Perry, Gulfport, Miss., J. Carol Sherwood, Valdosta, Ga., for plaintiff.

Phillip E. Beck, Gloria J. Shanor, Atlanta, Ga., for defendants.

OWENS, Chief Judge:

Plaintiff brought the instant action for breach of an alleged oral contract of employment against his former employer Electrical Constructors of America, Inc. (hereinafter "Elcon"), and against Centex Construction Co., Inc. (hereinafter "Centex"), with whom Elcon had a subcontract on which plaintiff served as project manager until his termination. The case is presently before the court on defendants' motions to dismiss for lack of personal jurisdiction, insufficiency of process, insufficiency of service of process, failure to state a claim on which relief can be granted, and a claim of

1388

res judicata. The court finds it necessary to address only defendants' claims of lack of personal jurisdiction.

■ Co-defendant Elcon is a North Carolina corporation which is not now and has never been incorporated under the laws of Georgia nor been authorized to do business in this state. Co-defendant Centex is a Nevada corporation with its principal offices in Dallas, Texas. It has never been incorporated under the laws of Georgia and has no agent within the state for the purpose of receiving service of process. At all times relevant to this cause of action, Centex was not authorized to do business in the State of Georgia nor had it actually transacted any business within the state. It is evident, therefore, that if this court has any personal jurisdiction over these defendants, it can be had only under the provisions of the Georgia "long arm" statute [1] and only if its exercise is consistent with due process.

It is clear from plaintiff's complaint, and from the affidavit of W. K. Duncan, Jr., Exhibit "A" to Centex' motion to dismiss, that Centex has not possibly committed any tortious act or omission within the State of Georgia nor committed a tortious act or omission in any other state which has resulted in the occurrence of injury within the State of Georgia, and that Centex does not own, use or possess any real property situated within the state. With respect to Centex, there is simply no contact whatsoever with plaintiff which could have any connection with this state as required by § 24–113.1.

In fact, the *only* connection even alleged by plaintiff with the forum state is a supposed "telephonic offer of employment" from an Elcon representative in North Carolina to plaintiff's home in Augusta. Such an isolated incident is clearly an insufficient contact with the forum state to confer personal jurisdiction on this court. *See, Attwell v. LaSalle National Bank*, 607 F.2d 1157, 1160 (5th Cir. 1979), cert. denied, 445 U.S. 954, 100 S.Ct. 1607, 63 L.Ed.2d 791 (1980); *Benjamin v. Western Boat Building Corp.*, 472 F.2d 723 (5th Cir. 1973); cert. denied, 414 U.S. 830, 94 S.Ct. 60, 38 L.Ed.2d 64 (1973); *Buckley v. New York Times Co.*, 338 F.2d 470 (5th Cir. 1964). It has been repeatedly held that "[m]ere telephone or mail contact with an out of state defendant . . . is insufficient to establish the purposeful activity with Georgia required by the 'Long Arm' statute." *Wise v. State Board for Examination, Qualification and Registration of Architects*, 247 Ga. 206, 274 S.E.2d 544, 547 (1981). *See also, Covington Industries, Inc. v. Resintex A.G.*, 629 F.2d 730 (2d Cir. 1980) (construing Georgia "long arm" statute—telex communications and letters of credit insufficient); *Swafford v. Avakian*, 581 F.2d 1224 (5th Cir. 1978) ("Clearly, to make appellee defend an action in Georgia, when he has never traveled to Georgia and where his only contacts with Georgia were several phone calls and letters, would be unreasonable"); *Ramsey Winch Co. v. Trust Company Bank*, 153 Ga.App. 500, 265 S.E.2d 848 (1980) (phone calls and letters insufficient to establish required "reasonable minimum contacts").

■ Furthermore, the principle is clearly established in this state that the "mere contracting with a Georgia resident is insufficient to extend the long arm of the Georgia courts." *Fowler Products Co. v. Coca*

---

1. Georgia Code Ann. § 24–113.1 provides:

"A court of this State may exercise personal jurisdiction over any nonresident, or his executor or administrator, as to a cause of action arising from any of the acts, omissions, ownership, use or possession enumerated in this section, in the same manner as if he were a resident of the State, if in person or through an agent, he:

(a) Transacts any business within this State; or

(b) Commits a tortious act or omission within this State, except as to a cause of action for defamation of character arising from the act; or

(c) Commits a tortious injury in this State caused by an act or omission outside this State, if the tortfeasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this State; or

(d) Owns, uses or possesses any real property situated within this State."

*Cola Bottling Co.,* 413 F.Supp. 1339 (M.D. Ga.1976). *See also, Fulghum Industries, Inc. v. Waterboro Forest Products, Inc.,* 477 F.2d 910 (5th Cir. 1973); *O. N. Jonas v. B&P Sales Corp.,* 232 Ga. 256, 206 S.E.2d 437 (1974).

It is evident from the above discussion that this court is without personal jurisdiction over defendants Centex and Elcon. Accordingly, defendants' motions to dismiss, pursuant to Rule 12(b)(2), Federal Rules of Civil Procedure, are hereby GRANTED.