A.L. WILLIAMS & ASSOCIATES, INC., A.L. Williams and Massachusetts Indemnity & Life Insurance Company, Plaintiffs,

v.

D.R. RICHARDSON & ASSOCIATES, INC., Dennis R. Richardson, William F. Robert, Carl Baker, Jerry Huston and Billie Bundage, Defendants.

Civ. A. No. C82–138A.

United States District Court,
N.D. Georgia,
Atlanta Division.

Aug. 18, 1983.

Stanton J. Shapiro and Ira H. Parker, Trauner, King & Cohen, Atlanta, Ga., for A.L. Williams & Associates.

Rutan & Tucker, Marshall M. Pearlman, Costa Mesa, Cal., for Richardson & Richardson & Associates, Inc.

Louis R. Miller, Wyman, Bauter, Rothman, Kuchel & Silbert, Los Angeles, Cal., for Mass. Ind. & Life Ins. Co.

Gambrell & Russell, David M. Brown, William W. Gardner, Atlanta, Ga., for Roberts, Bundage, Baker & Huston, D.R. Richardson & Richardson Assoc.

## ORDER

ROBERT H. HALL, District Judge.

On March 29, 1983, this court agreed to reconsider its December 20, 1982 Order dismissing Civil Action No. C82–138A (*A.L. Williams & Associates, Inc. v. Dennis R. Richardson and D.R. Richardson & Associates, Inc.*) for lack of subject matter jurisdiction. For reasons herein stated, the court VACATES its dismissal. In this order the court will also dispose of the following: (1) defendant Richardson's [1] motion to dismiss C82–138A for failure to state a claim upon which relief may be granted or, alternatively, for transfer; (2) the court's own motion to dismiss Civil Action No. C82–634A (*D.R. Richardson & Associates, Inc. and Dennis R. Richardson v. Massachusetts Indemnity and Life Insurance Company, A.L. Williams and Associates, Inc. and A.L. Williams*) for lack of subject matter jurisdiction [2]; (3) defendants Robert, Baker, Huston and Bundage's motion to dismiss Civil Action Numbers C82–519A (*A.L. Williams & Associates, Inc. v. William Robert*), C82–520A (*A.L. Williams & Associates, Inc. v. Carl Baker*), C82–521A (*A.L. Williams & Associates, Inc. v. Jerry Huston*) and C82–522A (*A.L. Williams & Associates, Inc. v. Billie G. Bundage*) for lack of subject matter jurisdiction, for lack of personal jurisdiction, for failure to state a claim upon which relief may be granted or, alternatively, for transfer [3]; and (4) plaintiffs' motion to dismiss the counterclaims of defendants Robert, Baker, Huston and Bundage in the Civil Actions mentioned above.

*Facts and Issues*

A. *Williams, Inc.*[4] *v. Richardson* (C82–138A)

Plaintiff brought this action to recover debts owed by defendants to Massachusetts Indemnity and Life Insurance Company ("MILICO") and National Home Life Insurance Company ("NHL") (Counts I and III) and to recover for an alleged breach of a covenant not to compete (Count II). This court found in its December 20, 1982 Order that MILICO was an indispensable party to Count I, whose addition destroyed the court's diversity jurisdiction over the case, and accordingly dismissed the complaint for lack of subject matter jurisdiction.

A review of the basic facts is necessary before reaching the court's decision upon reconsideration. Williams, Inc., a Georgia corporation, is a general life insurance agency which sells life insurance policies through such organizations and individuals as defendants Richardson, Inc. and Dennis R. Richardson. Richardson, Inc. is a Texas corporation, while Dennis R. Richardson is a citizen of California. Under the terms of various agreements with Williams, Inc., these defendants were authorized to sell life insurance policies on behalf of MILICO and NHL. Dennis R. Richardson was initially appointed a Regional Vice-President (RVP)

---

1. D.R. Richardson & Associates, Inc. and Dennis R. Richardson will sometimes be referred to collectively as "Richardson." The corporation will occasionally be referred to as "Richardson, Inc."

2. This case was transferred from the United States District Court, Central District of California, on March 19, 1982, and was consolidated with C82–138A, for pretrial matters.

3. These four cases were consolidated for pretrial purposes with C82–138A and C82–634A.

4. A.L. Williams & Associates, Inc. will be referred to as "Williams, Inc."

of Williams, Inc. and was given the right to establish his own sales force. Later he became a Senior Vice-President.

Dennis R. Richardson was also appointed to be a Regional Manager of MILICO. Pursuant to his Regional Manager Agreement, he received "advance commission" (also called a "draw against future commission") from MILICO which created a "debit balance" in the nature of a loan account with MILICO. This balance was reduced as premiums were received by MILICO from policyholders and commission was earned. However, a balance of $210,013.58 remained when the agreements between Richardson, Williams, Inc. and MILICO terminated because of Richardson's alleged violation of a covenant not to compete. It is this balance which plaintiff seeks to recover under Count I; the alleged breach of the covenant not to compete is the basis of Count II.

Count III involves a debit balance of $58,-196.00 owed to NHL under a similar advance commission arrangement.

Plaintiff contends it has the right to collect the MILICO and NHL debit balances from defendants pursuant to two assignments. With respect to the MILICO balance, plaintiff was assigned the right to proceed against Richardson by Jack Schulman, a MILICO Regional Manager who ostensibly was and is being "posted" with Richardson's debt in his capacity as supervisor of Richardson.[5] MILICO has signed an "Acknowledgment of Assignment" which states that this "posting" gave Schulman the right to all claims and causes of action which MILICO had against Richardson for the debit balance indebtedness.[6] As for the NHL balance, plaintiff was assigned the right to recover it by NHL itself.[7]

---

5. MILICO is allegedly reducing Schulman's own commission account until the amount of Richardson's debit balance is recovered pursuant to the Regional Manager Agreement between Schulman and MILICO. Article 4(D) of that Agreement provides in part:

> If any Manager, Agent or other member of the sales hierarchy under the direction and supervision of the Regional Manager [i.e., Schulman] is terminated by or terminates his representation of the Company [MILICO] with any debit balance owing to the company (the "Agent's Debit Balance") Regional Manager shall have 90 days from the date of such termination to collect the Agent's Debit Balance at which time the Regional Manager will remit to the company all money so received. The net remaining Agent's Debit Balance may be recovered from the Regional Manager by the company only by (i) deducting said net remaining Agent's Debit Balance from the Regional Manager's renewal Commissions as said renewal commissions become earned; however, if at any time the net remaining Agent's Debit Balance is less than the actuarial estimate of the value of renewal commissions then due or to become due the Regional Manager . . . then by (ii) deducting said remaining Agent's Debit Balance from Deferred First Year Commissions due or to become due to the Regional Manager. Any subsequent collection from, or earned commission otherwise payable to such terminated Agent or manager will be credited to the Regional Manager. . . . (brackets added)

As of March, 1983, a total of $121,228.85 had been debited to Schulman, according to plaintiff.

6. The Acknowledgment of Assignment was appended to plaintiff's Motion for Reconsideration and is authenticated in the Affidavit of a MILICO Vice-President, executed January 14, 1983. The language of the document is clear:

> For good and valuable consideration, Massachusetts Indemnity and Life Insurance Company ("MILICO") hereby acknowledges and recognizes the assignment to Jack Schulman ("Schulman") as contained in that certain Regional Manager Agreement by and between Schulman and MILICO dated March 1, 1980 which Agreement assigns any and all claims and causes of action which MILICO may have against Dennis R. Richardson or D.R. Richardson & Associates, Inc. ("Richardson") for any and all debit balance indebtedness owed by Richardson arising out of Paragraph 4 of Richardson's Regional Manager Agreement, dated January 30, 1980.
>
> Further, to the extent necessary to assign this claim to Schulman, as is the intention of said Paragraph 4(d), MILICO does hereby transfer any and all interest it has by virtue of said Paragraph 4(d), to Schulman.

Plaintiff insists that it is the "operation of the Regional Manager Agreement," not the posting, which transfers the monetary claim from MILICO to Schulman. Because the posting was supposed to be a *result* of the operation of the Agreement, the court finds the objection a matter of semantics.

7. The language of that assignment is as follows:

> FOR VALUE RECEIVED, National Home Life Assurance Company ("Assignor") assigns, transfers and conveys unto A.L. Wil-

Before the court are the following issues: (1) whether the MILICO-Schulman-Williams, Inc. assignment effectively divested MILICO of its interest in the litigation and, if so, whether such divestiture was merely a device to manufacture diversity jurisdiction; (2) whether the assignment transferred an enforceable claim to Williams, Inc.; and (3) whether the court should transfer the case to a Texas federal court.

B. *Richardson v. MILICO, Williams, Inc. and Williams* (C82–634A and Counterclaim to C82–138A)

This action arose out of the same set of facts set forth above. However, a few more background facts are necessary to understand its status.

Richardson filed this suit in the United States District Court for the Central District of California, alleging breach of contract, fraud, negligent misrepresentation, and interference with contract and business advantage.[8] All parties subsequently entered into a "Stipulation Re Transfer of Action to Northern District of Georgia." Based upon this Stipulation, the California District Court entered an Order, dated March 19, 1982, to transfer the action to this court.

Prior to the entry of this Order, the *Williams, Inc. v. Richardson* case had been initiated on January 26, 1982. On April 6, 1982, Richardson filed a counterclaim identical to his California action, attempting to add MILICO and Williams as "additional Defendants on Counterclaim." The two cases were consolidated for pretrial matters on June 14, 1982. In its December 20, 1982 Order, this court dismissed the Richardson counterclaim along with the main action.

The issues presented by this case are: (1) whether the court lacks subject matter jurisdiction over the case transferred from California; and (2) whether the Richardson counterclaim is viable.

C. *Williams, Inc. v. Robert* (C82–519A), *Williams, Inc. v. Baker* (C82–520A), *Williams, Inc. v. Huston* (C82–521A), *Williams, Inc. v. Bundage* (C82–522A)

Defendants Robert, Baker, Huston and Bundage were Regional Vice-Presidents (RVPs) of Williams, Inc. and Regional Managers of MILICO under agreements similar to those which Richardson had with Williams and MILICO. They were subagents of Richardson, Inc. and thus under the direction of Dennis R. Richardson. Williams, Inc. is suing them to recover debts owed to MILICO which were incurred under the advance commission arrangement described previously (Count I). Williams, Inc. is also suing for breach of a covenant not to compete (Count II). Plaintiff bases its cause of action for the recovery of the debts on a series of assignments almost identical to the one alleged in the *Williams Inc. v. Richardson* suit. All four defendants filed counterclaims against Williams, Inc., Williams and MILICO.

Although the facts are similar, the issues for the court are different. They are: (1) whether Richardson is an indispensable party to Count I; if he is, the court must then add him to the litigation and consider whether the assignment to plaintiff was done to create diversity jurisdiction (Richardson is a citizen of California and MILICO has its principal place of business in California);[9] (2) whether Williams has stat-

---

liams & Associates, Inc. ("Assignee") all of Assignor's claim against [Dennis R. Richardson], said claim arising from advanced but unearned commissions. The Assignee is hereby subrogated to all of the rights of the Assignor in, to and under Assignor's claim for repayment of unearned commission advances against [Richardson] as evidenced by an Agent's Agreement, General Agent's Agreement, and/or Guaranty of Payment which may have been executed by and between the Assignor and [Richardson]....

8. The gist of the claim is that Williams, Inc., Williams and MILICO were the cause of the advanced commission becoming "unearned," depriving Richardson of substantial profits and forcing Richardson out of the business of selling MILICO's insurance policies.

9. If Richardson is *not* an indispensable party, there would be no reason to question the assignment because diversity would exist even without it. Plaintiff is a Georgia corporation, the four defendants are citizens of Texas, and

ed claims upon which relief may be granted; (3) whether defendants Robert, Baker, Huston and Bundage's contacts with the State of Georgia suffice to create the court's personal jurisdiction over them; (4) whether the defendants' counterclaims must be dismissed; and (5) whether the court should transfer the cases to a Texas federal court.

*Discussion*

A. *Williams, Inc. v. Richardson* (C82–138A)

■ After this court entered its dismissal order, plaintiff introduced an affidavit by Jack Schulman and the "Acknowledgement of Assignment" signed by a MILICO Vice-President to support its contention that MILICO has no intention of pursuing Richardson with respect to the debit balance and that Schulman had a legally enforceable claim against Richardson to assign to Williams, Inc. This new evidence convinces the court that MILICO did effectively transfer its claim against Richardson to Schulman and that the right assigned to Williams was indeed valid. As a result, the court no longer deems MILICO an indispensable party to Count I, nor does it find plaintiff's Count I void of a claim upon which relief may be granted.

Although the court finds plaintiff's introduction of evidence and supporting arguments suspiciously tardy and haphazard, it cannot conclude with confidence that the assignment was merely a method of creating diversity jurisdiction. For these reasons, the court VACATES its dismissal of Count I, finding that it has subject matter jurisdiction over it and that plaintiff has not failed to state a claim upon which relief may be granted.[10]

For clarity, the court notes that it retains jurisdiction over Counts II and III[11] and that these Counts do not fail to state a claim upon which relief can be granted.[12] The court further notes that it does not find NHL to be an indispensable party to Count III, nor MILICO an indispensable party to Count II[13], and that the action on those counts will proceed as originally filed.

As for defendants' motion to transfer, this court declines to find Texas a more convenient forum, especially in light of its retention of the cases consolidated with this case. *See* discussion *infra.* The motion to transfer is DENIED.

B. *Richardson v. MILICO, Williams, Inc. and Williams* (C82–634A and counter-claim to C82–138A)

With regard to the case transferred from California, the court concludes that it lacks

---

MILICO has its principal place of business in California.

10. Defendants also argue that plaintiff omitted MILICO as a party plaintiff on the assumption that defendants would bring it in by way of a compulsory counterclaim, suggesting that such a tactic is an abuse of the court's ancillary jurisdiction. The court does not find sufficient evidence of this alleged abuse. Williams, Inc. has convinced the court that it alone has the claim against Richardson and that MILICO is not needed for litigation of that claim. Accordingly, Williams, Inc. would have no reason to act on the assumption described.

11. Defendants correctly state that plaintiff failed to assert in its pleading required jurisdictional information regarding NHL, specifically including its place of incorporation and its principal place of business. However, the court finds that even though plaintiff's introduction of such information was unjustifiably late, it is nevertheless sufficient to establish diversity

jurisdiction. (Plaintiff has stated that NHL is incorporated in Missouri and has its principal place of business in Pennsylvania).

12. Defendants suggest that Count II fails to state a claim upon which relief can be granted; however, the court finds nothing to support this theory. Count II is a breach of contract claim based on the Williams, Inc.-Richardson Regional Vice-President Agreement.

13. Defendants contend that they would be subject to double liability on the count for breach of covenant not to compete (Count II) in that it seeks damages for the alleged inducement of termination of MILICO insurance policies. The court finds the potential liability to Williams, Inc. and MILICO completely different and independent. The covenant not to compete claim belongs solely to Williams, Inc., while MILICO may have its own action for interference with contractual relations. (This analysis applies to the suits against Robert, Baker, Huston and Bundage as well.)

subject matter jurisdiction over this action as did the transferring court. Because Dennis R. Richardson is a citizen of California and MILICO has its principal place of business in California, complete diversity was and is lacking. The court, therefore, DISMISSES C82–634A for lack of subject matter jurisdiction.

■ With regard to the counterclaim filed to C82–138A, the court finds that it must be DISMISSED to the extent it asserts claims against MILICO and Williams. MILICO and Williams are not parties to the action and thus cannot be subject to a counterclaim absent an appropriate motion to join them.[14] Fed.R.Civ.P. 13(h), 19–21; *Mountain States Sports, Inc. v. Sharman,* 353 F.Supp. 613 (D.Utah 1973), *Ulichny v. General Electric Company,* 309 F.Supp. 437 (N.D.N.Y.1970); *Timely Products Corp. v. Arron,* 303 F.Supp. 713 (D.Conn.1969); *United States v. Techno Fund, Inc.,* 270 F.Supp. 83 (S.D.Ohio 1963).

The counterclaim against Williams, Inc. remains pending.[15]

C. *Williams, Inc. v. Robert, Baker, Huston, and Bundage* (C82–519A, C82–520A, C82–521A, C82–522A)

1. *Indispensable Parties and Diversity Jurisdiction*

A "necessary party" under Rule 19(b) of the Federal Rules of Civil Procedure is one who:

(1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring doubt, multiple, or

otherwise inconsistent obligations by reason of his claimed interest.

*Haas v. Jefferson National Bank of Miami Beach,* 442 F.2d 394 (5th Cir.1971).

■ In light of the express assignments by MILICO to Schulman and by Schulman to Williams, the court does not find MILICO an indispensable party to Count I. Plaintiffs have shown that MILICO has given up its right to proceed against the four defendants and that the defendants will not be threatened with double liability. Further, the court does not find MILICO to be indispensable to Count II, *see* footnote 13, *supra,* or Count III.

■ Dennis R. Richardson is also not an indispensable party. He has no cause of action against the four defendants and no interest that requires protection.

With these findings, the court's diversity jurisdiction remains intact, all defendants being citizens of Texas and plaintiffs having its principal place of business in Georgia.

2. *Failure to State a Claim*

■ The court declines to dismiss the cases for failure to state a claim upon which relief can be granted. The court must assume the validity of plaintiff's contention that the assignment to Williams, Inc. transferred a valid claim to it.

3. *Personal Jurisdiction*

Defendants urge that they have insufficient contacts with Georgia to warrant a finding of personal jurisdiction over them. The court disagrees.

The Georgia Long-Arm statute provides that a court "may exercise personal jurisdiction over any non-resident . . . , if in person or through an agent, he: (a) Transacts any business within this state . . . ." O.C. G.A. § 9–10–91. The Georgia Supreme

---

**14.** The court is open to such a motion to join MILICO and Williams.

**15.** Plaintiff has urged that the counterclaim against Williams, Inc. should be dismissed as well because it fails to differentiate between it

and Williams or MILICO in its allegations. The court finds this contention severely underdeveloped and declines to dismiss the counterclaim entirely without further briefing by the plaintiff.

Court has construed this provision to mean that:

> The only requirement is that the act or acts of the nonresident, giving rise to the cause of action, must have some relationship to the State of Georgia. There must be minimum contacts with this state.

*Davis Metals, Inc. v. Allen,* 230 Ga. 623, 625, 198 S.E.2d 285 (1973).

In these cases, each defendant "transacted business" in Georgia. The contracts at issue, although negotiated in Texas, were formally executed in Georgia when Williams, Inc. and MILICO accepted them there. Defendant Huston attended meetings of Williams, Inc. in Atlanta, Georgia, in March, June and October of 1980. Likewise, defendants Robert, Baker and Bundage attended an October, 1980, meeting in Atlanta. Furthermore, each of these defendants communicated regularly with officers and other members of Williams, Inc. in Atlanta, both by telephone and writing. Also, any application for life insurance submitted through any of these defendants was sent by them to Atlanta, where the application was either accepted or denied. Finally, calculation, processing, distribution and accrual of the right to receive commission occurred in Atlanta and the defendants had control over personnel in Atlanta for the purpose of insuring that all processing was properly effectuated. These factors provide more than the minimum contacts necessary for this court to have jurisdiction over these defendants. The motion to dismiss for lack of personal jurisdiction is DENIED.

### 4. Defendants' Counterclaims

All four defendants filed counterclaims against Williams, Inc., Williams and MILICO. Neither Williams nor MILICO was named in plaintiff's complaint or joined into this action by the defendants. Because Williams and MILICO are not parties to these actions, they cannot be subject to defendants' counterclaims absent a court ordered joinder.[16] As a result, the counterclaims must be DISMISSED to the extent they assert claims against these two nonparties.

The defendants apparently rely on the July 14, 1982, Pre-Trial Consolidation Order of this court as the basis for the assertion of their counterclaims against Williams and MILICO. In doing this, defendants overlook that a consolidation does not effect a merger of suits into a single action or cause the parties of one action to be parties of another. *See, generally, Wright & Miller,* Federal Practice and Procedure: Civil § 2382. *See also Johnson v. Manhattan Ry. Co.,* 289 U.S. 479, 496, 53 S.Ct. 721, 727, 77 L.Ed. 1331 (1933); *Empire Aluminum Corp. v. S.S. Korendijk,* 391 F.Supp. 402, 410 (S.D. Ga.1973).

The counterclaims against Williams, Inc. remain pending.

### 5. Venue

Defendants have moved to transfer these four cases to the District Court of Texas. The law pertaining to a change of venue clearly establishes that a plaintiff has the right to choose the forum for his lawsuit and his choice should not be disturbed unless the movant demonstrates that the balance of convenience and justice weighs heavily in favor of the transfer. 28 U.S.C. § 1404(a); *Security National Bank v. Republic National Life Insurance Co.,* 364 F.Supp. 585 (S.D.N.Y.1973). The defendants have failed to carry their burden of demonstrating factually how justice would be served by a transfer of these cases to Texas since all the voluminous records and significant witnesses are in Georgia. Accordingly, the court DENIES defendants' motion to transfer.

### CONCLUSION

In summary, the court:

Williams.

---

**16.** *See* cases cited *supra,* p. 12. Again, the court is open to a motion to join MILICO and

(1) VACATES its dismissal of Count I in C82–138A for lack of subject matter jurisdiction;

(2) DENIES the motion to dismiss C82–138A for failure to state a claim upon which relief may be granted;

(3) DENIES the motion to transfer C82–138A;

(4) DISMISSES the counterclaim in C82–138A to the extent it implicates MILICO and Williams; the counterclaim against Williams, Inc. remains pending;

(5) DISMISSES C82–634A for lack of subject matter jurisdiction;

(6) DENIES all motions to dismiss or transfer C82–519A, C82–520A, C82–521A and C82–522A;

(7) GRANTS the motion to dismiss the counterclaims in C82–519A, C82–520A, C82–521A, and C82–522A to the extent they assert claims against MILICO and Williams; the counterclaims against Williams, Inc. remain pending.