**THERMO–CELL SOUTHEAST, INC., Plaintiff,**

v.

**TECHNETIC INDUSTRIES, INC., Defendant.**

Civ. A. No. C84–2393A.

United States District Court, N.D. Georgia, Atlanta Division.

March 27, 1985.

Michael V. Elsberry, Atlanta, Ga., for plaintiff.

Michael Doran, Morganton, N.C., for defendant.

## ORDER

SHOOB, District Judge.

Plaintiff, a Georgia corporation, brought this diversity action for breach of contract against defendant, a Michigan corporation whose principal place of business is North Carolina. Presently before the Court are defendants' two motions to dismiss and quash service or for change of venue. Defendant maintains that plaintiff's two attempts at service were deficient and that the Court lacks personal jurisdiction over defendant. Alternatively, defendant argues that for convenience the case should be transferred to the Western District of North Carolina under 28 U.S.C. § 1404(a).[1]

### A. Sufficiency of Service

Both plaintiff's attempts at service on defendant were by mail, outside the state of Georgia. Rule 4(f), Fed.R.Civ.P., restricts service to within the territorial limits of the state in which the district court is held, unless service is otherwise authorized by a federal statute or Rule. No federal statute authorizes nationwide service of process in this action, by mail or otherwise. Subsection (c)(2)(C)(i) of Rule 4 allows service by any means permissible under state law, but as defendant correctly points out, Georgia law does not authorize service by mail in this instance. *See KMM Industries, Inc. v. Professional Placement Association*, 164 Ga.App. 475, 476, 297 S.E.2d 512 (1982). Thus, defendant urges the

1. Defense counsel also have moved for admission pro hac vice, without designating local counsel as required by Local Court Rule 110–2. For purposes of this motion only, the Court will not require the designation of local counsel.

Court to declare both attempts at service insufficient.

■ Plaintiff argues that its second attempt at service by mail was effective because subsection (f)'s restrictions on the territorial limits of service do not restrict subsection (c)(2)(C)(ii), which provides for service by mail. Plaintiff, however, cites no cases in support. In fact, courts have held just the opposite. According to *William B. May Co. v. Hyatt*, 98 F.R.D. 569 (S.D.N.Y.1983), the legislative history of Rule 4(c)(2)(C)(ii) makes it clear that the subsection on service by mail is subject to the territorial restrictions of Rule 4(f). This Court agrees with *Hyatt* and holds that both plaintiff's attempts at service by mail were insufficient.

■ As defendant has acknowledged, the Court has broad discretion to dismiss the action or to quash service but retain the case. *See* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1354 (1969). Because it appears that defendant may be amenable to service of process under the Georgia long-arm statute, *see* O.C.G.A. §§ 9–10–91, –94, the Court elects to order that service be quashed.

### B.  Personal Jurisdiction

■ Defendant also maintains that this Court has no basis for personal jurisdiction over defendant, either under the Georgia long-arm statute or the due process clause. For purposes of surviving a motion to dismiss, plaintiff need only make a prima facie demonstration of the facts on which personal jurisdiction is predicated. *Bracewell v. Nicholson Air Services, Inc.*, 680 F.2d 103, 104 (11th Cir.1982).

■ The Court finds that plaintiff has shown a prima facie basis for personal jurisdiction, both under the long-arm statute and under due process requirements. One provision in the long-arm statute authorizes personal jurisdiction over a defendant who "[t]ransacts any business within this state." O.C.G.A. § 9–10–91(1). This subsection also requires that the defendant's alleged liability arise out of the business transacted. *Wise v. State Board for Examination*, 247 Ga. 206, 210, 274 S.E.2d 544 (1981). These elements are present here. Plaintiff has alleged that officers and agents of defendant appeared in Georgia to observe plaintiff's plant, began negotiations [2] in Georgia for a later purchase of plaintiff's product, and after shipment of the product appeared in the state seeking advice on the application of the product. These contacts satisfy the requirements of O.C.G.A. § 9–10–91(1), especially in view of the trend in Georgia law to construe this provision liberally. *Bosworth v. Cooney*, 156 Ga.App. 274, 276, 274 S.E.2d 604 (1980).

■ Likewise, this Court's exercise of personal jurisdiction does not offend the constitutional restrictions of the due process clause. Several United States Supreme Court decisions have addressed what due process requires when a defendant's contacts with the forum state are related to plaintiff's claim, as is the case here. One commentator has concisely summarized those decisions as requiring only a single,[3] purposeful,[4] arguably commercial[5] contact of some benefit[6] to defendant. *See* Lewis, *A Brave New World for Personal Jurisdiction: Flexible Tests Under Uniform Standards*, 37 Vand.L.Rev. 1, 17 (1984). Defendant's alleged contacts with Georgia satisfy each of these criteria. Thus, the Court concludes that plaintiff has made a

---

**2.** This allegation distinguishes these facts from those in *O.N. Jonas Co. v. B & P Sales Corp.*, 232 Ga. 256, 206 S.E.2d 437 (1974)—a case on which defendant relies—in which the court noted that the parties had conducted no negotiations in Georgia. *Id.* at 258, 206 S.E.2d 437.

**3.** *McGee v. International Insurance Co.*, 355 U.S. 220, 223–24, 78 S.Ct. 199, 201–02, 2 L.Ed.2d 223 (1957).

**4.** *Hanson v. Denckla*, 357 U.S. 235, 253–54, 78 S.Ct. 1228, 1239–40, 2 L.Ed.2d 1283 (1958).

**5.** *Kulko v. Superior Court*, 436 U.S. 84, 94–95, 98 S.Ct. 1690, 1698, 56 L.Ed.2d 132 (1978).

**6.** *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298–99, 100 S.Ct. 559, 567–68, 62 L.Ed.2d 490 (1980).

prima facie showing of the existence of a proper basis for personal jurisdiction over this defendant.

### C. Transfer under 28 U.S.C. § 1404(a)

 Defendant further argues that this action should be transferred to the Western District of North Carolina. In support of this motion, defendant relies principally on the convenience of witnesses who reside in North Carolina and on the assertion that North Carolina substantive law will govern this action. As defendant recognizes, plaintiff's choice of forum ordinarily should not be disturbed unless the movant for transfer demonstrates that the balance of convenience and justice weighs heavily in favor of transfer. *A.L. Williams & Associates, Inc. v. D.R. Richardson & Associates, Inc.*, 98 F.R.D. 748, 754 (N.D.Ga.1983). A district court has wide discretion to determine whether or not to transfer under 28 U.S.C. § 1404(a). *Weber v. Coney*, 642 F.2d 91, 93 (5th Cir.1981).

■ The Court finds that defendant has not met this burden. In support of this motion, defendant has listed only five witnesses who might be inconvenienced. At least four of these five, however, would need to travel only the relatively short distance from North Carolina to Atlanta for trial. Further, even if North Carolina substantive law governs this action, defendant has not shown that the applicable law is ambiguous or complex. *See Vassallo v. Niedermeyer*, 495 F.Supp. 757, 760 (S.D.N.Y.1980). These considerations do not warrant transfer, particularly when plaintiff is a resident of the district in which this action was brought. *See* 1 *Fed.Proc., L.Ed.* § 1:788 (1981). Thus, the motion to transfer will be denied.

### Summary

In sum, (1) defendant's first motion to dismiss and to quash service or for change of venue is DENIED as moot; (2) defendant's renewed motion to quash service of process is GRANTED; (3) defendant's renewed motion to dismiss is DENIED; (4) defendant's renewed motion for change of venue is DENIED; and (5) defense counsel's motion for admission pro hac vice is GRANTED provided that defendant complies with Local Court Rule 110–2 and designates local counsel within 20 days from the date of this order.