**MacMILLAN BLOEDEL, INC., Plaintiff,**

v.

**HAMRIC TRANSPORTATION, INC., and Wise Transportation, Inc., Defendants.**

**Civ. A. No. C84–2039A.**

United States District Court, N.D. Georgia, Atlanta Division.

Aug. 14, 1985.

448

John C. Staton, Jr., Michael Eric Ross and Sylvia M. King, King & Spalding, Atlanta, Ga., for plaintiff.

Gary D. Stoker, Cotton, White & Palmer, P.A., Atlanta, Ga., for defendants.

## ORDER

SHOOB, District Judge.

Pursuant to 28 U.S.C. § 1404(a), defendants have moved to transfer this action for declaratory judgment to Beaumont, Texas. For the reasons stated below, the motion is denied.

Plaintiff MacMillan Bloedel, Inc. ("MacMillan"), an Alabama corporation, is in the building materials business; its principal place of business is in Atlanta, Georgia. Defendant Hamric Transportation, Inc. ("Hamric") and defendant Wise Transportation, Inc. ("Wise") are in the trucking business. Hamric is incorporated and has its principal place of business in Texas. Wise is an Oklahoma corporation with its principal place of business in that state. MacMillan alleges that Wise is Hamric's parent corporation.

MacMillan seeks a declaratory judgment that it is not indebted for freight services provided by Hamric or its alleged agent, S & R Enterprises ("S & R"), since MacMillan has settled the account with S & R. Defendants deny that they received payment and that S & R ever served as Hamric's authorized agent. Consequently, Hamric has demanded payment of the alleged debt.

■ Absent clear justification, courts in this district have uniformly declined to override a plaintiff's choice of forum. *Wheeling Corrugating Co. v. Universal Construction Co.*, 571 F.Supp. 487, 489 (N.D.Ga.1983); *A.L. Williams & Assoc. v. D.R. Richardson*, 98 F.R.D. 748, 754 (N.D. Ga.1983); *Dutka v. Southern Railway Co.*, 92 F.R.D. 375, 379 (N.D.Ga.1981). Accordingly, the movant in a motion to transfer venue bears the burden of "demonstrat[ing] that the balance of convenience and justice weighs heavily in favor of the transfer." *A.L. Williams*, 98 F.R.D. at 754. This burden is especially taxing where, as here, plaintiff has elected to bring suit "in the district in which he resides...." [1] *Flowers Industries v. Bakery*

1. Defendants cite *Hotel Constructors, Inc. v. Seagrave*, 543 F.Supp. 1048 (N.D.Ill.1982), for the proposition that a plaintiff's choice of forum is of diminished importance where the forum selected lacks a substantial relationship with the underlying cause of action. However, the view

*& Confectionery Union,* 565 F.Supp. 286, 293 (N.D.Ga.1983).

Defendants have not satisfied their burden to justify a change of venue. The Court must inquire whether the requested transfer would make it substantially more convenient for the parties to produce witnesses and evidence. *See, e.g., Koehring Co. v. Hyde Construction Co.,* 324 F.2d 295, 296 (5th Cir.1963). In the instant case, it appears that regardless of the forum a number of witnesses will have to travel some distance, since the potential witnesses reside in Atlanta, Texas and Oklahoma.[2] Similarly, relevant documents are located at both potential forums.

Relying on *Wheeling Corrugating,* defendants contend that a transfer is appropriate because a key witness, Stan Spivey ("Spivey"), may be subpoenaed to appear in Beaumont but not in Atlanta. There is no doubt that Spivey, a principal of S & R, is an important witness. Nonetheless, the Court rejects defendants' argument for several reasons. First, in *Wheeling Corrugating,* the Court relied on the "guarantee of availability" of one of plaintiff's witnesses to "buttress" plaintiff's right to the forum of its choice. 571 F.Supp. at 489. Conversely, in the instant case, defendants are attempting to disturb plaintiff's choice of forum. Moreover, the Court is not convinced that Spivey is guaranteed to appear in Beaumont. Indeed, the parties dispute whether Spivey is currently in Beaumont.[3] Finally, even assuming *arguendo* that Spivey can be compelled to appear in Beaumont but not in Atlanta, defendants have failed to demonstrate that his testimony cannot be presented adequately via a depo-

sition. *See Flowers Industries,* 565 F.Supp. at 293.

Accordingly, defendants' motion to transfer venue is DENIED.

expressed in *Hotel Constructors* runs counter to the law in this district. Furthermore, there is a relationship between the underlying events and this forum, since communications relating to defendants' demand for payment were received at MacMillan's Atlanta office and by its local counsel. In addition, two of plaintiff's witnesses reside in Atlanta.

2. Defendants have attempted to refute the value of the testimony of plaintiff's two Atlanta witnesses. However, plaintiff has submitted sufficient supporting affidavits to demonstrate that its Atlanta witnesses can provide useful testimo-

ny. In fact, defendants' argument might have been more availing if it were accompanied by the requisite support. *See Flowers Industries v. Bakery & Confectionery Union,* 565 F.Supp. 286, 293 (N.D.Ga.1983); C. Wright, *Law of Federal Courts,* § 44 at 190 (3d ed. 1976).

3. The Court declines to accept defendants' unsubstantiated assertion that Spivey is still in Beaumont, in light of contrary statements made in plaintiff's supporting affidavits. *See, supra,* note 2.