**THORNWOOD LEASE PLAN, INC., d/b/a Lease Plan U.S.A., Inc., Plaintiff,**

v.

**ACTION AD OF TIDEWATER, INC., d/b/a Dollar Rent a Car of Norfolk, Virginia, and James H. Reynolds, Defendants.**

Civ. A. No. 86–1826A.

United States District Court, N.D. Georgia, Atlanta Division.

Nov. 7, 1986.

Robert B. Jones, Glass, McCullough, Sherril & Harrold, Atlanta, Ga., for plaintiff.

Phillip Bradley, Marian Exall, Long, Aldrige & Norman, Atlanta, Ga., for defendants.

## ORDER

SHOOB, District Judge.

This case involves the alleged breach of automobile leases and a personal guarantee of those leases. Defendants Action Ad of Tidewater, Inc., d/b/a Dollar Rent A Car of Norfolk, Virginia ("Action Ad"), and James H. Reynolds ("Reynolds") have moved to dismiss under Rule 12(b)(5), Fed. R.Civ.P., for insufficiency of service and under Rule 12(b)(2), Fed.R.Civ.P., for lack of personal jurisdiction. In the alternative, defendants seek a transfer of venue to the

Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a). For the reasons stated below, defendants' motions will be denied.

*Sufficiency of Service*

■ Plaintiff has served both out-of-state defendants through the mail. As this Court explained in *Thermo-Cell Southeast, Inc. v. Technetic Industries,* 605 F.Supp. 1122, 1123–24 (N.D.Ga.1985), neither the Federal Rules nor Georgia law authorizes service through the mail in a case of this type. Action Ad, however, specifically consented to service by mail in signing the lease agreement at issue.[1] This consent effectively waived the Rule 12(b)(5) defense proffered by Action Ad. *National Equipment Rental Ltd. v. Szukhent,* 375 U.S. 311, 315–16, 84 S.Ct. 411, 414, 11 L.Ed.2d 354 (1964); *Aamco Automatic Transmissions, Inc. v. Hagenbarth,* 296 F.Supp. 1142, 1143 (E.D.Pa.1968). On the other hand, Reynolds did not consent in his individual capacity to service by mail.

Accordingly, the Court will deny defendants' motion to dismiss under Rule 12(b)(5) but will quash service as to Reynolds and retain jurisdiction over the case.[2] *Thermo-Cell,* 605 F.Supp. at 1124. Reynolds may, of course, renew his motion if he is not served properly.

*Personal Jurisdiction* [3]

Under the contractual clause noted above, *see supra* at n. 1, Action Ad consented to suit in this district. Accordingly, Action Ad's Rule 12(b)(2) defense is without merit. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 2182 n. 14,

85 L.Ed.2d 528 (1985); *Szukhent,* 375 U.S. at 316, 84 S.Ct. at 414; *National Service Industries, Inc. v. Vafla Corp.,* 694 F.2d 246, 248–49 (11th Cir.1982). As was true with respect to the service issue, Reynolds did not consent to suit in Georgia in his individual capacity. Nonetheless, plaintiff argues that Reynolds is subject to the Court's jurisdiction under the Georgia long-arm statute, O.C.G.A. § 9–10–91(1), since he transacted business within Georgia. The Court agrees.

■ Under § 9–10–91(1), a Georgia court may exercise jurisdiction over a nonresident if the following tests are satisfied: (1) the nonresident has purposefully done some act or consummated some transaction in Georgia; (2) the claim alleged is related to the in-state act or transaction; and (3) the exercise of jurisdiction does not offend traditional notions of fairness. *Davis Metals, Inc. v. Allen,* 230 Ga. 623, 198 S.E.2d 285 (1973). In applying this standard, the Court is mindful of Georgia's intent to apply its long-arm statute to the maximum extent possible under the due process clause of the federal constitution. *Coe & Payne Co. v. Wood-Mosaic Corp.,* 230 Ga. 58, 195 S.E.2d 399 (1973).

With respect to the requirements of the due process clause, the United States Supreme Court made plain once again in *Burger King* that "the constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum [s]tate." 105 S.Ct. at 2183; *see also International Shoe Co. v.*

---

**1.** Paragraph 25 of the lease stated in pertinent part as follows:

Lessee, to the extent it may lawfully do so, *hereby submits to the jurisdiction of any state or federal Court located in Fulton County, Georgia,* as well as to the jurisdiction of all courts from which an appeal may be taken from the aforesaid courts, for the purpose of any suit, action or other proceeding arising out of Lessee's obligations under or with respect to this Lease, and *Lessee expressly waives any and all objections that Lessee may have as to jurisdiction and/or venue in any of such courts.* Lessee further agrees that it may be validly served with any legal process in

connection with the foregoing by the *mailing of a copy thereof by registered or certified mail at its address shown on the reverse hereof.* (emphasis added)

**2.** Plaintiff has stated that it will personally serve Reynolds in the near future.

**3.** Strictly speaking, the Court cannot exercise its jurisdiction over Reynolds absent proper service. In the interest of judicial economy, however, the Court will rule on the propriety of subjecting Reynolds to suit in this district. *See supra* at n. 2.

*Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In this case, it is clear that Reynolds is not sufficiently connected to Georgia to be subject to the general jurisdiction of Georgia courts; consequently, to satisfy the demands of due process as well as the Georgia long-arm statute, plaintiff must establish that specific jurisdiction is proper because Reynolds' contact with the forum is related to the claim asserted. *See Burger King,* 105 S.Ct. at 2182 n. 15; *Helicopteros Nacionales de Columbia S.A. v. Hall,* 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); Lewis, *A Brave New World for Personal Jurisdiction: Flexible Tests Under Uniform Standards,* 37 Vand.L.Rev. 1 (1984).

In *Burger King,* a Michigan franchisee's continuing relationship with a franchisor headquartered in Florida sufficed to confer jurisdiction to a Florida court over a dispute involving the franchise. The *Burger King* Court noted that "parties who 'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other [s]tate for the consequences of their activities" 105 S.Ct. at 2182 (quoting *Travelers Health Ass'n v. Virginia,* 339 U.S. 643, 647, 70 S.Ct. 927, 929, 94 L.Ed. 1154 (1950)). Under such circumstances, a party has purposefully availed himself of the privilege of doing business in a foreign state and, in addition to enjoying the legal protection of that state, is subject to its jurisdiction. *Id.* 105 S.Ct. at 2184.

■ Here, Reynolds is the president and sole shareholder of Action Ad, which established a continuing lease relationship with plaintiff, a Georgia company. Plaintiff has alleged that it never would have contracted with Action Ad if Reynolds had refused to personally guarantee his company's obligations. Plaintiff also alleges that Reynolds visited its offices in connection with the lease relationship. Although Reynolds denies that his visit was related to the leases, the Court must accept plaintiff's version of the facts at this juncture. Moreover, even if the Court assumes *arguendo* that Reynolds never physically entered Georgia in connection with the leases, jurisdiction would still be proper. As Justice Brennan explained in *Burger King,*

> Jurisdiction in these circumstances may not be avoided merely because the defendant did not *physically* enter the forum State. Although territorial presence frequently will enhance a potential defendant's affiliation with a State and reinforce the reasonable foreseeability of suit there, it is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence within a State in which business is conducted. So long as a commercial actor's efforts are 'purposefully directed' toward residents of another State, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there.

105 S.Ct. 2184 (emphasis in original). It is undisputed that Reynolds communicated through the mails and telephone with plaintiff's Atlanta office regarding the leases.

Another factor militates in favor of exercising jurisdiction over Reynolds. As discussed above, Reynolds' company specifically consented to being sued in this district. Moreover, plaintiff alleges that Reynolds knew from the outset that he would be required to personally guarantee Action Ad's obligation. Under these circumstances, Reynolds cannot credibly maintain that he is surprised to be haled into a Georgia court. Thus, this case in some respects provides clearer justification for exercising jurisdiction than *Burger King,* where the defendant had little reason to suspect he would be sued in a foreign state. *See* 105 S.Ct. at 2190–91 (Stevens, J., dissenting).

Accordingly, the Court will deny defendants' motion to dismiss under Rule 12(b)(2).

## Venue

Little needs to be said regarding defendants' motion to transfer venue. Absent clear justification, courts in this district have consistently refused to override a plaintiff's choice of forum, especially where, as here, the plaintiff has brought suit in its home district.[4] *MacMillan Bloedel, Inc. v. Hamric Transportation, Inc.*, 617 F.Supp. 447, 448 (N.D.Ga.1985); *Thermo-Cell*, 605 F.Supp. at 1125; *Wheeling Corrugating Co. v. Universal Construction Co.*, 571 F.Supp. 487, 489 (N.D.Ga. 1983); *A.L. Williams & Assoc. v. D.R. Richardson & Assoc.*, 98 F.R.D. 748, 754 (N.D.Ga.1983); *Flowers Industries v. Bakery & Confectionery Union*, 565 F.Supp. 286, 293 (N.D.Ga.1983). To justify a transfer, the moving party must "demonstrat[e] that the balance of convenience and justice weighs heavily in favor of the transfer." *A.L. Williams*, 98 F.R.D. at 754. Accordingly, in assessing a motion under § 1404(a), the district court must consider whether a transfer would make it substantially more convenient for the parties to produce evidence and witnesses. *E.g., Koehring Co. v. Hyde Construction Co.*, 324 F.2d 295, 296 (5th Cir.1963).

In the instant case, defendants have failed to satisfy the burden of justifying a transfer. To be sure, as defendants point out, certain potential witnesses and relevant documents are located in the alternative forum. But there are also witnesses and relevant documents in the Atlanta area.

Accordingly, the Court will deny defendants' motion to transfer venue.

In sum, the Court DENIES defendants' motion to dismiss under Rule 12(b)(5); QUASHES service of Reynolds; DENIES defendants' motion to dismiss under Rule 12(b)(2); and DENIES defendants' motion to transfer.

---

4. Defendants argue that a plaintiff's choice of forum is accorded little weight where the cause of action alleged is unrelated to the forum, relying on *Hardaway Constructors v. Conesco Industries*, 583 F.Supp. 617 (D.N.J.1983), and *Hotel Constructors, Inc. v. Seagrave Corp.*, 543 F.Supp. 1048 (N.D.Ill.1982). This district follows a contrary rule. *MacMillan Bloedal, Inc. v. Hamric Transportation, Inc.*, 617 F.Supp. 447, 448 n. 1 (N.D.Ga.1985). Moreover, there is arguably a relationship between the forum selected and plaintiff's claim, since plaintiff maintains that certain negotiations were conducted in its Atlanta office.