**WINDER LICENSING, INC.,** Plaintiff,

v.

**KING INSTRUMENT CORP.,** et al., Defendants.

No. 89 C 7006.

United States District Court, N.D. Illinois, E.D.

June 25, 1990.

See also 130 F.R.D. 392.

Irwin C. Alter, Alter & Weiss, Michael J. Freed, Kenneth A. Wexler, Much, Shelist, Freed, Denenberg, Ament & Eiger, Marvin A. Miller, Patrick E. Cafferty, Chertow & Miller, Chicago, Ill., for plaintiff.

Stuart Smith, Charles S. Cohen, Gordon & Glickson, Chicago, Ill., for Industrial Audio Film Service.

Bedell A. Tippins, Jonathan G. Bunge, Sheldon Karon, Keck, Mahin & Cate, Chicago, Ill., for Rank Video Services.

James G. Hunter, Jr., Latham & Watkins, Chicago, Ill., for Capitol EMI, Inc.

Nicholas A. Pandiscio, Heidi A. Schiller, Schiller, Pandiscio & Kusmer, Cambridge, Mass., Christian L. Campbell, Thomas D. Rein, Sidley & Austin, Chicago, Ill., for King Instrument.

Roseann Oliver, Suzanne M. Metzel, Phelan Pope & John, Chicago, Ill., for Minnesota Mining.

H. Michael Hartmann, Richard M. Johnson, Leydig Voit & Mayer, Chicago, Ill., for TTL Tape Technology.

William A. Streff, Jr., Kevin G. McBride, Kirkland & Ellis, Chicago, Ill., for Otari Elec. Co.

Stanton B. Miller, Robin D. Kardon, Anderson, McDonnell, Miller & Tabis,

Charles A. Laff, Martin L. Stern, Judith L. Grubner, Laff, Whitesel, Conte & Saret, Chicago, Ill., Nicholas A. Pandiscio, Heidi A. Schiller, Schiller, Pandiscio & Kusmer, Cambridge, Mass., for Nightengale–Conant.

William A. Streff, Jr., Kirkland & Ellis, Chicago, Ill., Nathan Lane III, Michael E. Sobel, Graham & James, San Francisco, Cal., Hans Troesch, Graham & James, Palo Alto, Cal., for Otari Corp.

Richard J. Gray, Jenner & Block, Chicago, Ill., for VCA Teletronics.

Steven H. Noll, Hill Van Santen Steadman & Simpson, Chicago, Ill., for Tapematic Milano, Italy.

Raiford A. Blackstone, Jr., David J. Marr, Trexler, Bushnell, Giangiorgi & Blackstone Ltd., Chicago, Ill., for Tape Automation, Ltd.

## MEMORANDUM OPINION AND ORDER

LINDBERG, District Judge.

Pending in this case are a second motion for class certification; several motions by various defendants to be dismissed from this case; and a motion by various defendants to stay discovery pending this court's ruling on the motions to dismiss. Before the court is also a Notice of Dismissal Under Rule 41(a)(1) filed by plaintiff, which affects most of the motions to dismiss. The court will at this time rule on the motions currently pending in this case.

This court denied a motion for class certification in this case based on Federal Rule of Civil Procedure 23(b)(1)(A). FRCP 23(b)(1)(A). Plaintiff on May 15, 1990, moved again for class certification, this time based on Rule 23(b)(2). FRCP 23(b)(2). Plaintiff has filed a memorandum in support of this motion, as permitted by this court's order of May 15, 1990. On review of that memorandum the court finds that further briefing will not be necessary, and will rule on the motion on the basis of plaintiff's motion and memorandum and defendants' oral remarks.

The rule upon which plaintiff now relies in its quest for class certification provides:

An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

. . . . .

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole ...

FRCP 23(b)(2). The class may not be certified under this rule.

First, plaintiff did not plead this ground for class certification in its amended complaint. The amended complaint pled the grounds set forth in Rules 23(b)(1)(A), 23(b)(1)(B), and 23(b)(3), but not the ground set forth in Rule 23(b)(2). FRCP 23(b).

Second, and more important, class certification under Rule 23(b)(2) is only available when final injunctive or declaratory relief is sought. In other words, Rule 23(b)(2):

[D]oes not extend to cases in which the appropriate final relief relates exclusively or predominantly to money damages.

FRCP 23(b)(2), 28 U.S.C.A. R.23, Notes of Advisory Committee on Rules at 54 (West 1981). In the amended complaint, plaintiff states:

On information and belief, Defendants will continue such infringement unless enjoined by this Court. Nevertheless, Plaintiff seeks only damages and/or an accounting under this Complaint.

Since the appropriate final relief for a prevailing plaintiff on such a complaint would be money damages, and not "final injunctive relief or corresponding declaratory relief," Rule 23(b)(2) does not extend to this case.

Third, and most fundamentally, Rule 23(b)(2) is only applicable to the certification of a plaintiff class. As the standard treatise on federal procedure states:

Although arguments have been made that certification of defendant class suits under Rule 23(b)(2) would be desirable, as well as consistent with the policies

underlying the rule, the fact remains that the language is clear, and the better view is to restrict its applicability to plaintiff classes seeking injunctive relief. Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, 7A *Federal Practice and Procedure* § 1775 at 461–62 (West, 2d ed. 1986). After careful analysis, the Seventh Circuit reached this same conclusion in *Henson v. East Lincoln Township,* 814 F.2d 410 (7th Cir.1987).

Plaintiff argues in a footnote that:

With respect to patent cases, however, this Court is bound by the Federal Circuit's decisions. The Federal Circuit continues to recognize Rule 23(b)(2) defendant classes as evidenced by its recent affirmance of judgment for plaintiff against a 23(b)(2) class in *Webcraft [Technologies, Inc. v. Alden Press, Inc.,* 228 USPQ 182, 1985 WL 2270 (ND Ill 1985)]. This decision also confirms that the Federal Circuit has no difficulty with certifying a class where the court does not have venue over all the class members. (*See* May 8, 1990 order of affirmance attached as Exhibit A.)

This is not a proper use of the Federal Circuit's decision in *Webcraft.*

At the top of the face of the Federal Circuit's judgment of affirmance, the following is printed:

Note: This judgment is not accompanied by an opinion prepared for publication in a printed volume because it does not add significantly to the body of law and is not of widespread legal interest. It is a public record. It is not citable as a precedent. The decision will appear in tables published periodically.

A judgment with a note of this sort on it is not of value as a precedent. That the unpublished opinion is unavailable, and so is premised on grounds unknown, erodes still further the possibility of reliance on the judgment. For plaintiff to contend that "[t]he Federal Circuit continues to recognize Rule 23(b)(2) defendant classes as evidenced by its recent affirmance of judgment for plaintiff against a 23(b)(2) class in *Webcraft*" by citation to an expressly non-precedential judgment which is unaccompanied by a published order, without citation to any prior case in which the Federal Circuit has ever recognized a Rule 23(b)(2) defendant class, at the very least borders on the deceptive.

For the reason, too, that Rule 23(b)(2) is inapplicable to defendant class actions, the class at bar cannot be certified. See FRCP 23(b)(2).

As was true when this court ruled on the first motion for class certification, this resolution of the issue makes it unnecessary to determine whether the requirements of Rule 23(a) have been established by plaintiff. Also, because the two motions for certification have been premised solely on subdivisions (b)(1)(A) and (b)(2) of Rule 23, it has been unnecessary to determine whether it might be possible to maintain this case as a defendant class action under any of the other parts of Rule 23(b). The court again expresses no opinion on either of those topics.

■ Plaintiff also, on June 8, 1990, filed a Notice of Dismissal Under Rule 41(a)(1), voluntarily dismissing without prejudice defendants Otari Electrical Co. Ltd., Otari Corporation, Minnesota Mining & Mfg., Capitol Records, Inc., and King Instrument Corp. See FRCP 41(a)(1). It appears that none of these defendants has filed an answer or a motion for summary judgment. Therefore, plaintiff is entitled to have them voluntarily dismissed without prejudice under Rule 41(a)(1). FRCP 41(a)(1). This moots the motions to dismiss of those parties, which are accordingly denied.

There remains pending the motion of defendant Tapematic Milano, Italy (Tapematic) to dismiss pursuant to Rules 12(b)(2) and 12(b)(4). FRCP 12(b)(2), 12(b)(4).

■ The court will first address the first issue raised in the motion, that of personal jurisdiction. The Illinois long·arm statute provides in part:

Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal representative, to the juris-

diction of the courts of this State as to any cause of action arising from the doing of any of such acts:

. . . . .

(2) The commission of a tortious act within this State ...

Ill.Ann.Stat., ch. 110, § 2–209(a)(2) (Smith–Hurd 1989 Supp.). The parties are agreed that patent infringement is a tortious act within the meaning of the Illinois long arm statute. See Ill.Ann.Stat., ch. 110, § 2–209(a)(2) (Smith–Hurd 1989 Supp.). They disagree over whether plaintiff has sufficiently alleged that Tapematic infringed plaintiff's patent within this district.

Plaintiff's amended complaint alleges, *inter alia:*

5. Upon information and belief, Defendant, TAPEMATIC MILANO, IT-ALY, (hereinafter sometimes referred to as "Tapematic"), having its principal offices at Via Vimercate 32, 20060 Ornago, Milano, Italy.

. . . . .

18. On information and belief, Defendants have infringed and/or induced infringement and are now infringing or inducing the infringement of one or both of the Patents within this district and elsewhere without Plaintiff's consent, by either manufacturing, using or selling tape winding devices or using or instigating the use or sale of plaintiff's process and systems for high speed tape winding for cassettes used with audio and visual tape players and recorders.

Plaintiff has stood on these allegations as establishing this court's jurisdiction over Tapematic, and has not submitted any evidence on the subject.

The problem with these allegations for the purpose of determining jurisdiction is that they do not allege that Tapematic infringed or induced the infringement of any patent in this district (or even in the State of Illinois). It would be entirely consistent with these allegations if Tapematic infringed or induced someone else's infringement of one or both of plaintiff's patents outside of this district, since the acts complained to have occurred inside the district could as easily been committed by one or more of the other defendants.

■ Additional support for the conclusion that this court lacks jurisdiction over Tapematic may be found by analyzing the issue raised under Rule 12(b)(4) concerning whether Tapematic was sufficiently served with process. This concerns the propriety of plaintiff's service Tapematic by mail in a foreign country under Rule 4(c)(2)(C)(ii). FRCP 4(c)(2)(C)(ii).

The provisions of Rule 4 relevant to the service of process in this case begin:

Whenever a statute of the United States or an order of court thereunder provides for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state in which the district court is held, service may be made under the circumstances and in the manner prescribed by the statute or order, or if there is no provision therein prescribing the manner of service, in a manner stated in this rule.

FRCP 4(e). Plaintiff has not cited the court to any "statute of the United States or order of court thereunder" providing "for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state" of Illinois in which this district court is held. Therefore, this sentence of Rule 4 does not authorize the service of summons in this case.

Rule 4 continues:

Whenever a statute or rule of court of the state in which the district court is held provides (1) for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state, or (2) for service upon or notice to such a party to appear and respond or defend in an action by reason of the attachment or garnishment or similar seizure of the party's property located within the state, service may in either case be made under the circumstances and in the manner prescribed in the statute or rule.

FRCP 4(e). There is an Illinois statute providing:

·Personal service of summons may be made upon any party outside the State. If upon a citizen or resident of this State or upon a person who has submitted to the jurisdiction of the courts of this State, it shall have the force and effect of personal service of summons within this State; otherwise it shall have the force and effect of service by publication.

Ill.Ann.Stat., ch. 110, § 2–208(a) (Smith–Hurd 1983). Thus, there is a state statute within the meaning of FRCP 4(e) authorizing service of summons upon a party not an inhabitant of Illinois. So long as Tapematic submitted to the jurisdiction of the courts of Illinois, as for example by committing a tortious act within the state, Tapematic would be amenable to process. However, to properly serve Tapematic under this statute and Rule 4(e), the following procedure set forth in the statute would have to be followed:

The service of summons shall be made in like manner as service within this State, by any person over 18 years of age not a party to the action. No order of court is required. An affidavit of the server shall be filed stating the time, manner and place of service. The court may consider the affidavit, or any other competent proofs, in determining whether service has been properly made.

Ill.Ann.Stat., ch. 110, § 2–208(b) (Smith–Hurd 1983). There is no provision for mailing by plaintiff, as was done in the case at bar. Accordingly, service was not proper under FRCP 4(e).

Because Illinois law authorizes service upon a party not an inhabitant of or found within the state, Rule 4(i) is applicable, providing additional methods of service within a foreign country. Rule 4(i)(1) provides:

When the federal or state law referred to in subdivision (e) of this rule authorizes service upon a party not an inhabitant of or found within the state in which the district court is held, and service is to be effected upon the party in a foreign country, it is also sufficient if service of the summons and complaint is made: (A) in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction; or (B) as directed by the foreign authority in response to a letter rogatory, when service in either case is reasonably calculated to give actual notice; or (C) upon an individual, by delivery to the individual personally, and upon a corporation or partnership or association, by delivery to an officer, a managing or general agent; or (D) by any form of mail, requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served; or (E) as directed by order of the court. Service under (C) or (E) above may be made by any person who is not a party and is not less than 18 years of age or who is designated by order of the district court or by the foreign court. On request, the clerk shall deliver the summons to the plaintiff for transmission to the person or the foreign court or officer who will make the service.

FRCP (4)(i). Since plaintiff addressed and dispatched the summons and complaint, rather than the clerk of this court, plaintiff followed none of the procedures for the service of summons set forth in Rule 4. FRCP 4(e), (i).

Plaintiff did follow the procedure set forth in Rule 4(c)(2)(C)(ii), and Tapematic did complete and return the acknowledgment that it had received the summons and complaint. FRCP 4(c)(2)(C)(ii). However, in this case that was not an authorized means of service of process, and so was not sufficient to give this court personal jurisdiction over Tapematic. See, e.g., *Fogleman v. ARAMCO*, 623 F.Supp. 908, 910 (W.D.La.1985); *Thermo–Cell Southeast, Inc. v. Technetic Industries, Inc.*, 605 F.Supp. 1122, 1123–24 (N.D.Ga.1985).

Accordingly, this court lacks personal jurisdiction over Tapematic and that defendant will therefore be dismissed.

There is finally a motion—originally by defendant Minnesota Mining and Manufacturing and subsequently joined by defendants VCA Teletronics, Inc., Tape Automation, Ltd., Otari Corporation, and Industrial

Audio Film Service, Inc.—to stay discovery pending this court's ruling on the motions to dismiss. This motion is, of course, now moot and so will be denied.

ORDERED: Plaintiff's motion for class certification is denied. Defendants Otari Electrical Co. Ltd., Otari Corporation, Minnesota Mining & Mfg., Capitol Records, Inc., and King Instrument Corp. are dismissed without prejudice. The motions to dismiss of defendants Otari Electrical Co. Ltd., Otari Corporation, Minnesota Mining & Mfg., Capitol Records, Inc., and King Instrument Corp. are denied as moot. Defendant Tapematic Milano, Italy's motion to dismiss is granted. Tapematic Milano, Italy is dismissed as a defendant. The motion of various defendants to stay discovery pending this court's ruling on the motions to dismiss is denied as moot.